34 So.2d 593

**CRUMP v. KNIGHT.**

**6 Div. 682.**

Supreme Court of Alabama.

March 25, 1948.

R. G. Redden, of Vernon, and Fite and Fite, of Hamilton, for appellant.

Young & Young, of Vernon, for appellee.

BROWN, Justice.

The bill in this case was filed by the appellant on the 2nd of January, 1947, under § 1109, Title 7, Code of 1940, to quiet title to 40 acres of land described according to the government survey, located in Lamar County. The bill follows the prescription of the statute and alleges that the complainant "is in peaceable possession of the hereinafter described lands claiming to own the same in his own right; * * *." That defendant claims "or is reputed to claim some right, title or interest in or incumbrance upon such lands, and complainant hereby calls upon said defendant to set forth and specify his title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created." That "there is no suit pending to enforce or test the validity of the title to said lands."

The defendant answered denying that "complainant is in peaceable possession of the land described therein, and avers the truth to be that the defendant is in possession of said land and has been in possession of said lands on his own right for more than ten years, and through those whom he claims for more than forty years; defendant avers that his right and title to said lands is based on a deed obtained by him from Susie Mixon and her husband, J. R. Mixon, dated Dec. 31, 1936, which is recorded in Deed Book 72 at page 98 of the records of deeds in the office of the Judge of Probate of Lamar County, Alabama; that said Susie Mixon obtained her title through a deed executed to her by J. R. Mixon, dated September 14, 1936, which deed is recorded in deed book 60 at page 346 of the record of deeds in the office of the Judge of Probate of Lamar County, Alabama; that said J. R. Mixon obtained his title to said lands by a deed from S. G. Johnson, as Probate Judge of Lamar County, Alabama, dated June 13, 1929, which is recorded in Deed Book 55 at page 120 of the record of deeds in the office of the Judge of Probate of Lamar County, Alabama; and that said deed recites that the land in controversy was sold under a decree of the Probate Court of Lamar County, Alabama, dated May 9th, 1927, for taxes due the State and County for the year 1926 by Willie Austin, to whom the land was assessed; that said Willie Austin was the owner of said land as of October 1st, 1925, when the law required property to be assessed; that said Willie Austin obtained his title by a warranty deed from Sandy Truelove and his wife, Susan Truelove, dated January 9, 1917, which said deed is recorded in Deed Book 39 at page 193 of the record of deeds in the office of the Judge of Probate of Lamar County, Alabama; that said Sandy Truelove obtained his title from the United States of America by Patent dated Feb. 19, 1906, as is shown by the Plat Book of Lamar Coun-

ty, Alabama, page 172, in the office of the Judge of Probate of Lamar County, Alabama."

The answer admitted that there was no suit pending and respondent after filing the above answer prayed that his said answer be taken as a cross bill and that the decree of the court affirm the respondent's legal and equitable ownership of the land in controversy.

On the issues thus formed the court heard the case on testimony and evidence adduced in open court, the testimony of the witnesses being ore tenus.

The complainant adduced evidence going to show that his claim of title was based on a deed executed to him by J. A. Northington on the 21st of November, 1946, with covenants of warranty conveying the tract of land in controversy to him. He also adduced in evidence a deed executed by W. L. Austin and Willie Austin to Northington on the 13th of December, 1926, recorded on the 21st of November, 1946. The evidence shows that this deed was misplaced or lost and was not discovered until about the time or a short time before it was recorded and in the interim between its execution and recordation while Northington on a few occasions claimed that he owned the land, he neglected to assess it for taxes, until the year 1946, shortly before the bill was filed.

These lands were assessed for taxes against Willie Austin for the tax year 1926 and in default of payment of said taxes the land was sold on the 10th of June, 1927, as the property of Willie Austin, under whom both parties claim in this case. The notice of the sale given by the tax collector was dated May 9, 1927, and was published in the Lamar Democrat, a newspaper published in Lamar County, the first issue carrying the notice being on May 11th followed by the subsequent issues of May 18th, May 25th and June 1st, 1927. At the tax sale J. R. Mixon became the purchaser, and on June 13, 1929, received a deed from the Probate Judge of Lamar County purporting to convey to him said lands. The evidence shows that immediately following this deed, he had the deed recorded, had the land surveyed establishing the corners thereof, and

collected from one Marlin Seals the value of some timber cut therefrom and at the same time gave permission to Seals to fence a portion of said land including a spring for use by Seals in connection with Seals' pasture for cattle. The evidence shows that Mixon conveyed this land to his wife by deed executed December 21, 1936, and Mixon's wife conveyed to the respondent B. M. Knight the land in controversy and later Knight gave permission to Laney to use a portion of the land which was enclosed by a fence by Marlin Seals.

The evidence is without dispute that Mixon and Knight regularly assessed the lands in controversy during the years of their claimed ownership from 1928 up until the time of the trial and complainant and those under whom he claimed had notice or knowledge of the claim of Knight and his predecessors in title. The evidence shows that complainant at the instance of Northington placed a one wire fence around this entire tract. That previous thereto he had taken from said land some pine knots for kindling and some stone and soon thereafter complainant purchased from Northington and posted signs on the property stating "Keep off. J. R. Crump." The defendant discovered this fence and these signs on the property and removed them and then put up his own "Keep off" signs. The evidence shows that there had been a settlement on said land, a dwelling of some sort which was occupied by the original owner named Truelove and that Willie Austin before her marriage was a Truelove, but this house has long since disappeared and the house place has grown up in trees and saplings, and that otherwise the land is wild, consisting of timber, hollows and hills and a spring.

From the foregoing it appears that the controversy between the parties is as to the title to the property and the trial court in the final decree found as a fact that "no such acts of possession or control over the land in controversy as is required by law are shown to have been done by complainant or his predecessors in title." After this finding the court decreed: "Wherefore, it is ordered, adjudged and decreed by the Court that the Complainant is not

396

entitled to the relief prayed for in his bill of complaint and same is dismissed."

In Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675, 676, it was observed:

"The respondent is shown, not only to have claimed the right to possession, but has indicated such claim by possessory acts, as above referred to, and such claim of possession was in fact brought to the knowledge of complainant's agent. As said in Wood Lumber Co. v. Williams [157 Ala. 73, 47 So. 202] supra, the way was open for a contest of such possession and claim thereto. In the light of our former decisions, we are constrained to hold that the possessory acts herein indicated on the part of respondent were sufficient as a contest of complainant's possession so as to destroy the peaceable character thereof and constitute it a disputed, contested or scrambling one. * * *"

The court further observed: "This conclusion destroys the jurisdiction of the court over the cause at its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermitted. Ladd v. Powell [144 Ala. 408, 39 So. 46] supra."

When the court determined that the complainant had failed to establish such possession as warranted the maintenance of his bill, this ended any litigable controversy between the parties, and the dismissal of the original bill carried with it the cross bill, as it was not rested upon any special equity independent of the equity asserted in the original bill. The controversy was purely a contest of the title to the property. Hence so much of the decree as undertakes to determine the validity of the tax sale and quiets the title of the respondent and enjoins the complainant from ever setting up any claim or title to the property is eliminated from the court's decree and as corrected will be affirmed without prejudice.

Corrected and affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.