69 So.2d 438

## CRUMP v. KNIGHT.

### 6 Div. 447.

Supreme Court of Alabama.

Nov. 5, 1953.

Rehearing Denied Jan. 21, 1954.

R. G. Redden, Vernon, Fite & Fite, Hamilton and Drennen & Drennen, Birmingham, for appellant.

Young & Young, Vernon, for appellee.

LIVINGSTON, Chief Justice.

This controversy has been before this court on two former occasions. Crump v. Knight, 250 Ala. 393, 34 So.2d 593; Crump v. Knight, 256 Ala. 601, 56 So.2d 625.

The litigation, involving 40 acres of land located in Lamar County, Alabama, was begun by bill of complaint, filed by Crump against Knight, in the Circuit Court of Lamar County, in Equity, on the 2nd day of January, 1947, under and by virtue of Sec. 1109, Title 7, Code of 1940, to quiet title to said 40 acres of land. That suit terminated in a decree for resepondent Knight. On appeal to this court, it was held that where controversy between parties was as to title to property and trial court found that complainant failed to establish such possession as warranted maintenance of his bill, finding ended any litigable controversy between parties, and dismissal of original bill carried with it cross-bill which was not rested upon special equity independent of equity in original bill, and court did not have jurisdiction to determine validity of tax sale to respondent's predecessor in title or quiet title of respondent or enjoin complainant from setting up claim or title to property as prayed in cross-bill.

The second appeal referred to above was from a judgment of the Circuit Court of Lamar County, Alabama (at law), rendered on a verdict of the jury in favor of the defendant in an action in the nature of an action of ejectment brought by Crump

against Knight for recovery of the same 40 acres of land. That judgment was also reversed by this court. The reversal was based on the action of the trial court in giving the affirmative charge for the defendant Knight, on the theory that the title to the land was in Knight by virtue of a tax deed, dated June 13, 1929, to one J. R. Mixon, through whom Knight claimed and showed title. It was pointed out in the opinion of this court that said tax deed was void, and it was reversible error to give the affirmative charge based on the tax deed alone. The opinion of this court on that appeal did not consider the question of adverse possession for the simple reason that the charge given to the jury by the trial court, in effect, eliminated consideration of that issue by the jury, and it was, therefore, not necessary for this court, on appeal, to discuss it.

On this appeal, the assignments of error present, in effect, but two questions for review: the refusal of the general charge to the plaintiff, and the overruling of appellant's motion for a new trial based on the weight of the evidence. The defendant in the court below predicated his defense to the suit on title by adverse possession, and the appellant contends that the evidence was insufficient to carry the case to the jury on that issue. We have carefully examined the evidence and are clear to the conclusion that a jury question was presented. Appellant says that the evidence was substantially the same as that offered on the trial of the first ejectment suit. We think that the evidence in the record before us is substantially the same as that offered on the first trial. We are content to rest our decision on the statement of the evidence by the late Mr. Justice Brown in his opinion on the first appeal. We see no good reason to restate it here. See Crump v. Knight, 250 Ala. 393, 34 So.2d 593. We are also clear to the conclusion that appellant's motion for a new trial was overruled without error.

Appellant makes some argument that the following extract from the opinion on the second appeal is res adjudicata of the question of adverse possession of the defendant:

"The evidence further shows that prior to filing the bill to quiet title eventuating in its dismissal, both parties assessed the property for taxes, but neither had had other than a scrambling possession. The defendant surveyed and marked the boundaries and tore down 'No Trespassing' and 'Keep Out' signs and observed the wire fence placed on the land by John Northington before he sold to plaintiff."

This was not an adjudication that the evidence offered by the defendant to establish his title by adverse possession was insufficient for that purpose. The scrambling possession there referred to is the possession at the time of bringing the equity suit. The plaintiff in the equity suit failed because he could not, or did not, establish the jurisdictional fact that he was in peaceable possession of the lands at the time suit was commenced. See Sec. 1109, Title 7, Code 1940.

We find no error in the record and the case is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.