# Daughdrill Admr. v. Daughdrill *et al.*

## *Settlement of Administration.*

1. *Rendering final decree on partial settlement.*—When proceedings are instituted and conducted for an annual or partial settlement, the court of probate cannot of its own motion, convert it into a final settlement and render a final decree.

2. *Contesting authority of attorney.*—When the authority of an attorney to appear in a cause is contested, his oath is presumptive evidence of his authority, but is not conclusive; and when the presumption is overcome, it must be proven by legal evidence.

3. *Settlement by administrator who is also a creditor.*—When an administrator *de bonis non*, who is also a creditor of the estate, has been paid an amount as a creditor by the prior administrator, it would require the same decree and character of proof to charge him with that sum on a settlement of his administration, as would have been necessary to authorize a recovery from him had he been sued to recover back money paid under a mistake of fact, or through fraud.

4. *Same; competency of administrator as a witness in his own behalf.*—An administrator is a competent witness in his own behalf on a settlement of his accounts, and it is error for the court to refuse to allow him to be examined for any purpose.

5. *Decree ordering sale of lands of an estate to pay debts; conclusiveness.*—A decree of the probate court rendered upon petition in legal form, to sell lands of an estate to pay debts, all parties being present in court, unreversed, is conclusive in the absence of fraud, that there were debts against the estate, so far as it is necessary to uphold the decree and the validity of the sale, but is not evidence for the administratior on settlement, of the validity and justice of any claim against the estate.

APPEAL from Mobile Probate Court.
Tried before Hon. PRICE WILLIAMS, JR.
The facts of this case are sufficiently stated in the opinion.

THOS. H. SMITH, for appellant.

[Daughdrill Admr. v. Daughdrill *et al.*]

No brief found in the record for the appellee.

COLEMAN, J.—On the 12th of December, 1887, letters testamentary were granted to John L. Daughdrill upon the estate of his father, James H. Daughdrill. During his administration Edgar P. Daughdrill presented a claim against the estate of his father, which was recognized by the administrator as a correct claim, and upon which he made a payment of seventy-seven and 19–100 dollars. This administrator resigned within a short time, without making a complete administration of the estate. Espalla was appointed administrator *de bonis non*, who took charge of the estate. The claim of Edgar P. Daughdrill was also recognized by him as a correct claim, and he made a payment on the same of one hundred and twenty-five dollars. Espalla, as administrator *de bonis non*, filed a petition to sell the real estate of said estate for the purpose of paying the debts of said estate, the claim of Edgar being included in the statement of debts as a valid claim against the estate, a statement not then controverted. The land was sold under decree of the court, in accordance with the petition to pay the debts of the estate.

Some time after the sale of the land and collection of the purchase money, Espalla was removed from the administration of said estate, and Edgar P. Daughdrill, the appellant, was appointed as his successor. In January, 1895, the probate court cited the administrator, Edgar P. Daughdrill, to file his account and vouchers for for a partial settlement of his said administration, and in obedience to said citation the administrator filed his account and vouchers as for a partial settlement, and notices to this effect were served upon proper parties, some of whom were minors. The entire proceedings showed that the settlement was to be only partial and not final. The decree rendered on this settlement was final. During the progress of the settlement, exceptions were reserved to the ruling of the court, upon the admission of evidence, and to the decree rendered, and which are before us for review.

Upon the facts stated, the court had no authority to render a decree as for a final settlement. In the case of *Wharton v. Maragne et al*, 59 Ala. 641, it was said, when,

[Daughdrill Admr. v. Daughdrill *et al.*]

proceedings are instituted and conducted for an annual or partial settlement, the court of probate cannot of its own motion, convert it into a final settlement and render a final decree.

The authority of the attorney who appeared for the contestants was denied. Section 868 of the Code of 1886 provides that when required by the court to produce his authority "the oath of the attorney is presumptive evidence of his authority." It is not conclusive, and when the presumption is overcome, it must be proved by legal evidence. It was not competent for him to prove the contents of letters without accounting for their absence.

On the settlement the court charged the administrator, Edgar P. Daughdrill, with the sum paid to him, to-wit, $77.19 by John Daughdrill, and $125 by Espalla, during the term of their respective administrations, upon his claim against the estate, and without evidence tending to show they were improperly paid. The ruling of the court being in effect, that the burden was on the administrator to show that his claim as to these payments was a valid claim. This money was not received by him in his capacity as administrator, but as a creditor of the estate, and the several sums were paid to him by the preceding administrators, in this capacity. The administrator should be held to account for all the assets and moneys which came to his hand as administrator, and so far as he claimed to withhold them for debts due him from the estate, the burden rested on him to establish the validity of his claim, but this rule does not apply to moneys paid to him as a creditor on a claim by the former administrator. It would require the same degree and character of proof, to charge him with these sums, as it would have been necessary to authorize a recovery from him had he been sued to recover back money paid under a mistake of fact, or through fraud. The court refused to allow the administrator to be examined for any purpose. In this there was also error. Formerly persons directly interested in the result of litigation were incompetent to testify in the cause, but under the statute as it now exists, neither interest nor relationship renders a person wholly incompetent to testify. The incompetency is limited to certain character of evidence, and relations of the parties. The court should have

heard the questions propounded or ascertained the character of the testimony proposed to be elicited, and ruled accordingly, instead of sustaining an objection to the examination of the witness for any purpose.

For the money earned by Edgar P. Daughdrill during his minority, and paid over to his father, the administrator will not be entitled to a credit, unless it be satisfactorily shown, that his wages had been released and given to him by his father. For all sums loaned or advanced, after attaining his majority, to intestate, he had the right to charge, and when shown by legal evidence to have been made the administrator should be allowed credit for the same.

A decree of the probate court rendered upon petition in legal form to sell lands of an estate to pay debts, all parties being present in court, unreversed is conclusive, in the absence of fraud, that there were debts against the estate, so far as it is necessary to uphold the decree, and the validity of the sale. The decree, however, is not evidence, for the administrator on settlement, of the validity and justness of any claim against the estate. Payments and expenditures by him must be supported by proper vouchers and proof, independent of the decree of sale of the land. The decree in case of solvent estates does not finally determine the liability of the estate to the alleged creditor. Such decree is not a judgment for or against a creditor. The creditor may notwithstanding the decree, in a court of competent jurisdiction reduce his claim to judgment, and such claim may be successfully resisted by the administrator, without impairing the conclusiveness of a decree for the sale of land. *Ford v. Ford*, 68 Ala. 141.

Reversed and remanded.