(112 So. 111)

**HOLMAN v. HIATT.    (4 Div. 290.)**

(Supreme Court of Alabama.   March 24, 1927.)

1. Banks and banking ☞287(4)—Receiver's bill to avoid conveyance of land by insolvent bank alleging payment by vendee's husband from funds on which bank had lien held not demurrable.

Bill by receiver of insolvent national bank, seeking to set aside bank's conveyance of land to wife of an officer of the bank, *held* not subject to demurrer, where it alleged that sale was made for half the value of land, that husband paid purchase money from funds on which bank had lien, and that vendee or her husband and agent, not only knew conditions under which conveyance was made, but participated therein.

2. Banks and banking ☞287(4)—Receiver of insolvent national bank may maintain bill filed by counsel other than federal district attorney.

Although it is duty of federal district attorney to appear for receiver of insolvent national bank, receiver may employ other counsel to collect the assets of bank, and bill filed by such counsel can be maintained.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill in equity by W. S. Hiatt, as receiver of the First National Bank of Ozark, against Sudie D. Holman and others. From a decree overruling demurrer to the bill, the named respondent appeals. Affirmed.

In brief substance, the bill alleges that J. D. Holman (one of the respondents) and other officers and directors of the First National Bank of Ozark were insolvent, and that the bank was also insolvent; that J. D. Holman had on deposit, in a drawing account, several thousand dollars in said bank; that the bank owned the land in question, which

was worth $6,000; that the bank, by its officers and directors, passed a resolution to the end and sold the land to the respondent Sudie D. Holman, the wife of said J. D. Holman, for $3,000, and took her note, which was never recorded, for the purchase price, payable one year from date; that some 40 days thereafter, when the bank was about to go into liquidation, and the appointment of a receiver was imminent, J. D. Holman drew a check upon this bank for $3,000 in payment of the note given by his wife, the respondent, Sudie D. Holman, in the purchase of the land; that the bank surrendered said note, and marked said check paid.

C. O. Stokes, of Ozark, and Farmer, Merrill & Farmer, of Dothan, for appellant.

Only a district attorney of the United States was authorized to maintain this suit. The bill is filed without authority of law, and therefore can have no equity. It is a nullity on the docket of the court. Gibson v. Peters, 150 U. S. 342, 14 S. Ct. 134, 37 L. Ed. 1104; 16 Rose's Notes, 653. Holman's deposit was subject at all times to his draft. It constituted no part of the trust funds of the bank. Henry v. Northern Bank, 63 Ala. 546; Citizens' St. Bank v. Iverson, 30 N. D. 497, 153 N. W. 449. Holman had the right to draw his check for $3,000, and the bank was bound to pay it; and the fact that the bank was insolvent and held past-due paper against Holman which it had not charged against his deposit did not militate against Holman's right to draw the check in question. Niblack v. Bank, 169 Ill. 517, 48 N. E. 438, 39 L. R. A. 159, 61 Am. St. Rep. 203, note; Callaham v. Bank, 69 S. C. 374, 48 S. E. 293, 2 Ann. Cas. 203; Livingstain v. Bank, 77 S. C. 305, 57 S. E. 182, 22 L. R. A. (N. S.) 442, 122 Am. St. Rep. 568; Wyman v. Ft. Dearborn Bank, 181 Ill. 279, 54 N. E. 946, 48 L. R. A. 565, 72 Am. St. Rep. 259. The bank had no lien on Holman's deposit. Moreland v. People's Bank, 114 Miss. 203, 74 So. 828, L. R. A. 1917F, 263; First Nat. Bank v. Peltz, 176 Pa. 513, 35 A. 218, 36 L. R. A. 832, 53 Am. St. Rep. 686; 126 Ga. 136, 54 S. E. 977, 8 L. R. A. (N. S.) 944, 115 Am. St. Rep. 68, note.

Holman had the right to dispose of his property at his pleasure, and the courts are without power to control such disposition, where this right was not exercised to the prejudice of his creditors, which is not made to appear by the bill. 27 C. J. 469; Kennedy v. Tuscaloosa Bank, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308; Fellows v. Lewis, 65 Ala. 343, 39 Am. Rep. 1; Pope v. Wilson, 7 Ala. 694.

Sollie & Sollie, of Ozark, for appellee.

A defendant cannot object that an action by the receiver of a national bank is not brought by the attorney of the United States, but by his own attorney. It is sufficient that complainant had the right to sue. Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; U. S. v. Rea-Read Co. (C. C.) 171 F. 501; 39 Stat. 121, § 9021; U. S. Comp. St. 1918; Hayden v. Thompson (C. C. A.) 71 F. 60. The drawing of a check is not an assignment of the amount to the drawee. First Nat. Bank v. Whitman, 94 U. S. 343, 24 L. Ed. 229. The deposit of Holman was general, and by it title to the money passed to the bank and left the bank merely owing Holman the amount. Alston v. State, 92 Ala. 124, 9 So. 732, 13 L. R. A. 659; F. & M. Bank v. Federal Res. Bank, 262 U. S. 649, 43 S. Ct. 651, 67 L. Ed. 1157, 30 A. L. R. 635.

ANDERSON, C. J. [1] The bill is filed by the receiver of a National Bank, who was duly appointed as such by the comptroller, and is, upon final analysis, one to set aside a conveyance made to Mrs. Holman by the bank in fraud of creditors, in that the consideration was fictitious, and, even if there was a consideration, it was inadequate, and it sufficiently charges that Mrs. Holman or her husband and agent, not only knew of the conditions under which the conveyance was made, but participated therein. On the other hand, the bill seeks in the alternative to cancel the conveyance, because, in a sense, a voluntary gift from the husband, who was largely indebted to the bank, and who actually paid the purchase money for the land with money upon which the bank had a lien, and which said purchase should inure to the benefit of the creditors of the bank, it being charged that both the bank and Holman were insolvent, and that Mrs. Holman was in no sense a purchaser for value, but the purchase was, in effect, that of her husband, who paid the purchase money. The bill also seeks, in the alternative, in the event that the conveyance is not set aside, to subject to the bank for the benefit of its creditors, and which said bank was a creditor of Holman, the $3,000 note paid by Holman with funds upon which said bank had a lien and the officers of which wrongfully and fraudulently permitted to go in payment of the wife's note, and that the check to the wife was not acquired for value and in due course, but was nothing but a gift from the husband, and was made by him to hinder and delay the bank and its creditors. The bill avers that Holman was indebted to the bank largely in excess of his deposit, and, this being so, the bank had a lien on the deposit for said indebtedness, and could have applied the deposit to its debt, and, failing to do so, could trace the proceeds into the hands of one who had not received the check and proceeds for value and in due course. Batson v. Alexander City Bank, 179 Ala. 490, 60 So. 313; National Bank of Commerce v. Morgan, 207 Ala. 65, 92 So. 10, 24 A. L. R. 897. We do not think that the bill of complaint in any of its aspects was subject

to the respondent's demurrer and which was properly overruled by the trial court.

[2] It is insisted that this bill cannot be maintained because not filed by the federal district attorney. It may be true that the federal statute makes it the duty of said attorney to represent the receiver in cases of this character, but·we know of no law which would prevent the employment of other counsel by the receiver or by creditors to collect the assets of the bank. The case of Gibson v. Peters, 150 U. S. 342, 14 S. Ct. 134, 37 L. Ed. 1104, cited by·appellant's counsel, does not hold to the contrary, as it merely holds that it was the duty of the district attorney to appear, and that he was not entitled to extra compensation. It does not hold that the receiver could not have had other counsel. Moreover, if counsel for the appellee had no authority to appear, the proper and appropriate way to question their authority was by a motion as provided by section 6255 of the Code of 1923.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.