(122 So. 341)

### MITCHELL et al. v. CHURCH OF CHRIST AT MT. OLIVE. (5 Div. 13.)

Supreme Court of Alabama. May 9, 1929.

323

Samford & Samford, of Opelika, for appellants.

Denson & Denson, of Opelika, for appellee.

FOSTER, J. ■ A bill of the nature involved on this appeal praying for an injunction affecting the property rights of a Baptist Church may properly be filed in the name of the church, though an unincorporated association. Sections 5723 et seq., Code; Sentell v. Friendship Baptist Church, 214 Ala. 584, 108 So. 517.

The trial court granted a temporary injunction, and overruled a motion to dissolve it and a demurrer to the bill.

■■ We do not agree with appellants' contention that the bill is subject to demurrer because it does not state that the congregation authorized the legal procedure. This means, when properly analyzed, that counsel filed the bill without making an express showing of due authority to do so. In this respect section 6255 of the Code seems to control, though it is stated to be only declaratory of the common law. To require a showing as to such authority, it must be challenged at the first term, by appropriate averment, stating the facts which induced such averment. Chamberlain, Miller & Co. v. Abbott, 152 Ala. 243, 44 So. 637, 126 Am. St. Rep. 30; Ashby Brick Co. v. Ely & Walker, etc., Co., 151 Ala. 272, 44 So. 96; Daughdrill v. Daughdrill, 108 Ala. 321, 19 So. 185. The proper method of making such a test is by a motion, section 6255, Code; Holman v. Hiatt, 215 Ala. 526, 112 So. 111, or by a plea, as was done, under circumstances similar to those of this case in Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602. See Pallilla v. Galilee Baptist Church, 215 Ala. 667, 112 So. 134. The fact that complainant is unincorporated can make no material difference in this respect.

■ The bill contains all the allegations held in our decisions to be essential, and was for a purpose which has been settled to give an equity court jurisdiction. Blount v. Sixteenth St. Baptist Church, supra; Sentell v. Friendship Baptist Church, supra. It was not subject to any of the demurrers assigned to it, and the motion to dissolve the injunction was therefore properly overruled. The grounds assigned do not justify either a dissolution or a discharge of the injunction.

We do not think that the law pertaining to this litigation need be again stated.

There was no error in the record, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.