40 So.2d 414

### McNULTY v. HIGGINBOTHAM et al.
### 1 Div. 356.

Supreme Court of Alabama.
May 13, 1949.

V. R. Jansen, of Mobile, for appellees.

McAleer, Langan & Gaston, of Mobile, for appellant.

220

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to the bill of complaint. The propositions presented relate to the effort of a member of an unincorporated association to require an accounting as to disbursement of funds of the association. The allegations of the bill show in substance the following:

The complainant Patrick P. McNulty and the respondent Eldridge Walker Higginbotham are both members of National Organization Masters, Mates and Pilots of America, Local No. 4, an unincorporated voluntary labor association having its principal offices located in the City of Mobile, Alabama, and affiliated with the American Federation of Labor. The complainant is now and has been for many years past a member in good standing of the local association and the respondent Eldridge Walker Higginbotham is now and has been for many years past secretary-treasurer of the local association. It is the duty of Eldridge Walker Higginbotham as such

secretary-treasurer to have custody and control of the funds of the local association and to use and disburse the funds in accordance with the constitution thereof and for promoting its interest and not otherwise. As such secretary-treasurer of the local association he has been bonded from year to year, the bond now in force and effect having been executed by Fidelity & Casualty Company, a corporation, one of the respondents named in the bill. The aforementioned constitution provides among other things the following.

"No officer, member or employee of this local shall receive any salary except officer, member or employee who are duly elected or appointed to serve in an executive capacity * * *. They shall receive or be paid such salary as determined by the executive committee or a regular meeting * * *."

It is alleged that the respondent Eldridge Walker Higginbotham has been for a long time past evading the aforementioned constitutional limitations on salary payments by paying to himself and others (the names of the others are not alleged) salaries disguised as "port travel expenses." The bill of complaint alleges that during the period beginning May 1, 1947, through and including March 31, 1948, the port travel expense aggregated $3,044 and on information and belief it is alleged that the port travel expense aggregated similar amounts during other periods. It is alleged that all the records are in possession of Eldridge Walker Higginbotham and complainant is unable to state the exact amounts paid in previous years. The prayer of the bill is for an accounting by Eldridge Walker Higginbotham of moneys received as secretary-treasurer of the local association during his tenure of office as such secretary-treasurer, that he be required to make full disclosure as to the amount of his bond and the surety on the bond during each of his terms of office. Upon such accounting the court is asked to enter a decree in favor of the local association and against Eldridge Walker Higginbotham and the surety on his official bonds for money found to have been disbursed by the said Eldridge Walker Higginbotham contrary to the provisions of the constitution. There is a further prayer

that the court decree and allow to complainant and solicitors as their fee for services rendered in the case a reasonable amount to compensate them out of any amount that might be decreed in favor of the local association and against Eldridge Walker Higginbotham and the surety on his bond.

■ I. The proposition is advanced that the suit was improperly brought. We agree. The purpose of the suit is to recover funds of an unincorporated association alleged to have been improperly disbursed by its secretary-treasurer. Since the funds, if recoverable, are the property of the association, there is no doubt that suit can be instituted in the name of the association, even though it is unincorporated. The statute expressly so provides. Section 142, Title 7, Code of 1940; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341. In the case here cited it was pointed out that if the authority so to institute the suit is questioned, this should be done at the earliest opportunity by motion or plea. See Davidson v. Church of Christ of Parrish, 245 Ala. 203, 16 So.2d 179.

■ But if the suit is in equity, then we see no reason why a class suit may not be brought under the provisions of Equity Rule 31, Code 1940, Tit. 7 Appendix, if the members of the association are so numerous as to make it impracticable to bring them all before the court. Kennedy et al. v. Roberts, 15 Del.Ch. 401, 140 A. 656; 7 C. J.S., Associations, § 35, p. 86; 63 C.J. 708. We do not think that the right to bring the suit in the name of the association under the statute should preclude a class suit if the facts justify the latter procedure. There is no attempt in the statute to prevent such a suit. The statute simply provides for a less complicated procedure if the complainant so elects. 4 Am.Jur. p. 486–487; Jardine v. Supreme Court, 213 Cal. 301, 2 Pa.2d 756, 79 A.L.R. 291; Hogan v. Williams, 185 Misc. 338, 55 N.Y.S.2d 904. Of course where the property of the association is involved, the association must be made a party. Bailey et al. v. Washington et al., 236 Ala. 674, 185 So. 172. In the case at bar there is nothing to show that the suit

was brought by the complainant for himself and others of a class. 4 Am.Jur. p. 489.

■ II. There is another principle which should be considered in connection with the institution of this suit. Courts are reluctant to consider complaints by members of voluntary associations as to the conduct of the business of the association except in cases such as fraud, arbitrary ruling or lack of jurisdiction. 4 Am.Jur. p. 466; 63 C.J. p. 72; Shaup v. Grand International Brotherhood of Locomotive Engineers et al., 223 Ala. 202, 135 So. 327, 328. In the case of Shaup v. Grand International Brotherhood of Locomotive Engineers et al., supra, this court quoted with approval these words:

"* * * 'The right of a voluntary association to interpret and administer its own rules and regulations is as sacred as is the right to make them, and there is no presumption against just and correct action or conduct on the part of its supervising or appellate authorities and tribunals. On the contrary, the presumption is in favor of it. In connecting himself with the organization, a member subjects himself as fully and completely to the power of administration, within legal limits, as to the power of legislation or prescription. To say courts can make rules and regulations for such associations would be absurd and ridiculous. To say they may interpret and apply them, in view of the powers reserved to, and exercised by, the governing bodies of the association, would be as plainly subversive of contractual right.' "

■ The allegations of the present bill show that it is the duty of the secretary-treasurer to have custody and control of the funds of the association and to use and disburse the funds in accordance with its constitution and for the promotion of its interest. In addition to these duties, it is also the duty of the secretary-treasurer to keep a record of the minutes of the meeting of the organization, to have the books open and ready for inspection at any time the organization may direct a committee to investigate them and to keep a true record of all moneys received and moneys expended and to make out a monthly statement to be given the organization. He shall be

held responsible for the actions of the organization pending decision of the executive committee and shall deposit all moneys to the credit of the association in a bank in Mobile, Alabama, designated by the executive committee and shall sign all checks duly authorized and draw all orders for payment of bills duly audited and ordered paid by the membership or executive committee. As heretofore stated, the present bill is based on the allegation that Eldridge Walker Higginbotham has been for sometime past paying to himself and to other paid employees and officers of the association salaries in excess of constitutional limits under the disguise of port travel expenses. Construing the pleadings against the pleader, we do not consider that these allegations are equivalent to allegations of fraud or wrongdoing but at best are allegations showing that the secretary-treasurer Eldridge Walker Higginbotham places an erroneous construction on what amounts should be paid to himself and to other officers in connection with expenses incurred in connection with such offices. Fraud will not be implied when the facts and circumstances from which it is supposed to arise may reasonably be consistent with honest intention. Thames v. Rembert's Adm'r., 63 Ala. 561; Allen v. Riddle, 141 Ala. 621, 37 So. 680.

■ It is evident that the association has an executive committee and for aught that appears payments have been made in accordance with interpretation made by the executive committee and in accordance with its direction. There is nothing to show that demand has been made on the executive committee for an accounting and that such demand has been denied and explanation withheld. We think it clear that under the allegations of the bill the complainant should have exhausted his remedies within the organization before bringing his complaint to the courts for action. We do not think that there is anything in the bill which shows that such procedure would prove so futile as to make it a vain and useless undertaking. The mere fact that the practice complained of may have been acquiesced in over a long period of time, does not show that, if improper, it would not be rectified upon complaint reasonably presented.

■ III. But even if we assume that a case of fraud has been presented, still an equity court will generally decline jurisdiction when the legal remedy is in all respects adequate. Lane v. Roma Lumber Co., 234 Ala. 551, 176 So. 283; Samples v. Grizzell, 230 Ala. 176, 160 So. 538. In the present case jurisdiction of the equity court is evidently sought to be based on the need for an accounting in equity. No discovery is sought, but the right to an accounting in equity is claimed on the basis of the relationship between the parties and the complicated nature of the accounting.

■ In the case of Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806, it was pointed out that the border line is in many cases of this kind difficult of ascertainment and if it is doubtful whether adequate relief can be obtained at law, equity should entertain jurisdiction. Here the relationship between Eldridge Walker Higginbotham and the association is one of trust and confidence, Worthington v. Eggler, 210 Ala. 535, 98 So. 788, and the period over which his disbursements have been made, has covered a long time. Many items must be investigated, considered and analyzed and then stated in connection with bonds covering various periods. We think that the allegations bring the case within equity requirements as to an accounting if other defects in procedure, as pointed out, are remedied. Marx v. Marx, 226 Ala. 684, 148 So. 418; Crichton v. Hayles, 176 Ala. 223, 57 So. 696; Comer v. Birmingham News Co., supra.

In view of what has been said, the decree of the lower court is affirmed and the court will allow such further time for amendment as it may deem proper.

Affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.