51 So.2d 164

**HAMNER et al. v. CARROLL'S CREEK BAPTIST CHURCH.**

**6 Div. 66.**

Supreme Court of Alabama.

March 8, 1951.

278

Skidmore & Finnell, of Tuscaloosa, for appellants.

E. L. Dodson, of Tuscaloosa, for appellee.

SIMPSON, Justice.

This is a bill in equity by Carroll's Creek Baptist Church, an unincorporated association, by and through its named trustees, against Hamner and wife, appellants, to quiet--title to four and one-half acres of land. The evidence was taken ore tenus before the court and the relief sought was granted. From this decree the Hamners have appealed.

For clarity and convenience in describing the land in the bill, the four and one-half acres were divided into three parcels, designated as A, B, and C. A contained one acre, B one acre, and C two and one-half acres.

The defendants denied any claim to Parcel A, so that parcel is out of consideration here, title and possession in complainants being conceded. But defendants did claim by their answer and cross bill title and possession to Parcels B and C. The church's chain of title is as follows: Parcel B, deed from defendants in 1912 to the Board of Education of Tuscaloosa County (State of Alabama) and deed from State in 1945 to complainant; Parcel C, deed from defendants to Board of Education (State) in April, 1935, and sale and delivery of pos-

session from County Board of Education to complainant in 1945.

The defense to the complainant's claim was that as to Parcel B, in the deed from defendants to the Board of Education it was intended between the parties that there should be a reverter clause in the deed limiting the title to the State for the period the tract was used as a school; that this was fraudulently omitted; that the school had in 1945 abandoned the property, which made the property revert to defendants.

As to Parcel C, the deed to the Board of Education was lost before recordation and the defendants claimed that no such deed was ever executed, but that the Board merely acquired a lease to use the tract so long as the school continued to be operated there; that the school was discontinued and the property abandoned as such, which also made the two and one-half acres in Parcel C revert to the defendants.

As regards these contentions, the facts were in dispute, those for the complainant fully sustaining its claim and those for the defendants in some measure sustaining theirs. On these disputed issues of fact as to the two parcels, the court decreed:

"It clearly appears to the Court that the respondents made and executed a warranty deed, on August 1st, 1912, conveying to the State of Alabama the tract of land described in the complainant's bill of complaint as 'parcel B,' containing one acre, for a consideration expressed therein, which deed was placed upon the records of deeds in the probate office of Tuscaloosa County, Alabama, on the 29th day of August 1912, and that the State of Alabama was, at the time of the execution of said deed, placed in possession of said parcel of land by the respondents, and that the said State of Alabama remained in the uninterrupted peaceable possession thereof for more than 37 years, and conducted thereon, by and through its duly constituted authorities, a public school, when, on August 27th, 1945, the State of Alabama conveyed said parcel of land designated 'parcel A' to the complainant in this cause and upon the execution of said deed of conveyance, the said State of Alabama placed the complainant in possession thereof, and thereafter the complainant has continued in the uninterrupted possession of said parcel of land. The Court finds no evidence of fraud in the execution of said deed of August 1st, 1912, by the respondents to the State of Alabama, and it clearly appears to the court that complainant is entitled to the relief sought as to that tract of land described as 'parcel B' in the bill of complaint.

"That it clearly appears to the court, and the court so finds, that on or about, to-wit, the month of April 1935, the respondents made and executed a warranty deed conveying the tract of land designated 'parcel C' in the bill of complaint to the County Board of Education of Tuscaloosa County, Alabama, a body corporate, for a consideration of $500.00, and which consideration was paid and which the respondents have acknowledged having received, which deed was lost or destroyed before its recordation, and after diligent search can not be found, and that the County Board of Education of Tuscaloosa County, Alabama, was, on or about, to-wit, the month of April 1935, put in possession of said tract of land designated 'parcel C' along with 'parcel A' and 'parcel B' and the said County Board of Education continued in the uninterrupted possession thereof for more than ten years, and that the said County Board of Education conducted a public school thereon, using the same for all such purposes as parcels designated A and B, were used: That the State of Alabama, by and through its duly constituted authority, the County Board of Education of Tuscaloosa County, Alabama, sold said tract of land designated 'parcel C,' along with said tracts designated 'parcel A' and 'parcel B', to the complainant in this cause on August 27, 1945, for a consideration of the sum of $800.00, as the purchase price, which purchase price was paid, and at which time the complainant was placed in possession of said tract so designated 'parcel C' along with the tracts designated 'parcel A' and 'parcel B,' and the said State of Alabama, by and through its duly constituted authority, the Board of Education of Tuscaloosa County, Alabama, and the complainant and its immediate grantors had continuous un-

interrupted peaceable possession of said 'parcel C,' claiming said parcel as their own with full knowledge of the respondents for more than 13 years, and complainant has continuously conducted thereon regular public worship services, and Sunday School, and has used same for all purposes incident to such use and service; and the court is of the opinion, and so finds, that the complainant is entitled to the relief prayed for in its bill of complaint as to that tract of land consisting of about two and one half acres designated as 'parcel C.'

"It is, therefore, the order, judgment and decree of the court that the respondents or either of them have no right, title, claim to, interest in, or incumbrance upon the * * * tracts of land designated parcels A, B, and C, or to any part of either thereof," etc.

■ Reviewing this finding in the light of the favorable presumption attending it on a hearing ore tenus before the court, we cannot say that it was against the great weight of the evidence or palpably erroneous, so it will be here affirmed. Henderson Baker Lumber Co. v. Headley, 253 Ala. 107, 42 So.2d 821; Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; 2 Alabama Digest, Appeal and Error, ☜1009(1).

Indeed, we think the evidence strongly preponderates to sustain exactly what the court did find. Since the recitation of those facts in the decree, together with a few others we will mention, will suffice for this opinion, we will invoke the service of the statute and refrain from encumbering the opinion with a detailed recital thereof. Code 1940, Title 13, § 66.

There are sixty-two assignments of error. We will, of course, not treat of them individually. It would be impracticable to do so. Discussion will be confined to the major points argued.

■ We will dispose of the first contention for error by observing that the church, as an unincorporated association, was authorized to institute the suit in its own name. Code 1940, Title 7, § 142; McNulty v. Higginbotham, 252 Ala. 218, 40 So.2d 414; Sentell v. Friendship Baptist Church No. 2, 214 Ala. 584, 108 So. 517; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341.

■ Of course, an unincorporated association is without capacity to acquire and hold legal title to real property. It does so through its trustees, but this debility does not militate in cases such as this against its power to sue and be sued.— Vaughn v. Pansey Friendship Primative Baptist Church, 252 Ala. 439, 41 So.2d 403. But as noted above, the suit is by and through the trustees.

■■ The burden, to be sure, was on the complainant, claiming under a lost instrument, to establish it by competent evidence.—Union Baptist Church v. Roper, 181 Ala. 297, 61 So. 288; 34 Am.Jur. 602. But this burden was satisfactorily discharged by clear and convincing proof. This phase of the case, of course, relates to tract C. The execution of the deed of conveyance from the Hamners to the County Board of Education was clearly proven. The Hamners admitted the execution of some character of instrument, but claimed they thought it was a lease. However, the minutes of the Board of Education recorded a purchase of the parcel from the Hamners for $500. Foster, Rice, Madison & Rosenfeld was the law firm at that time for the Board of Education and there was introduced in evidence a copy of a warranty deed of this two and one-half acres from the Hamners to the State which was on file in their office, which corresponded with the date of the sale of the parcel to the Board of Education (the State) and of the payment of the $500 to Hamner, as recorded in the minutes of the Board. The record in the attorneys' office also indicated a fee paid to them by the Board of Education for the preparation of this deed, the date of which record corresponded with the date of the deed. The Hamners' claim to the contrary did not seem to emerge until after the sale to the church and the refusal of a bid on the property put in by Hamner, he says, for his son. But even here the evidence is damaging against him, for Hamner says he put in the bid himself, offering to buy tracts A, B and C back for $1,000 in the name of his son. Why would

he be offering, for his son, to purchase that which (or a part of which) he himself owned? To further sustain the proposition that the transaction as to Parcel C was a sale rather than a lease, the Hamners dropped that two and one-half acres from their assessment for taxes after the execution of the instrument to the State and the payment to them of the $500 by the Board of Education. Then there is evidence that after it was discovered the unrecorded deed to Parcel C had been lost, the Hamners agreed to make another deed, but when it was presented to them for execution Hamner said his signature would be no good without his wife's and when the deed was presented to her she refused to sign, saying she had already given one deed and that was enough, then evidencing her dissatisfaction or refusal to sign because her son's bid for the property had not been accepted. All this leads inescapably to the conclusion that the instrument which the defendants signed relative to Parcel C, under which they delivered possession to the State, was a deed rather than a lease.

■ True, also, the complainant must prove peaceable possession as predicate for its right to maintain the statutory bill.— Freeman v. Lewis, 251 Ala. 75, 36 So.2d 309; Price v. Robinson, 242 Ala. 626, 7 So.2d 568. But here again we think it was open to the trial court to conclude in favor of the complainant on this issue under the conflicting evidence.

Likewise is the contention unsustainable that it was not satisfactorily established that the wife's separate acknowledgment was taken to the deed from Hamner to the county board of education. The notary public testified that she did so and there is an inference from the admissions in the testimony of the two defendants that such was the case.

After a studious consideration of the record, we have become convinced of the propriety of the trial court's ruling in quieting the title to the lands in the complainant and that no error is made to appear.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.