122 So.2d 155

Peter **FLOYD** et al.

v.

**EAST END BAPTIST CHURCH.**

**6 Div. 570.**

Supreme Court of Alabama.

June 30, 1960.

Matt Murphy, Birmingham, for appellants.

Harold P. Knight, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by respondents from decree of the Circuit Court, in Equity, granting temporary injunction.

According to the averments of the bill, complainant is an unincorporated association which has been for a number of years and is now conducting religious services in Birmingham. The bill avers that respondents, who are not members of the complainant association, "by violent use of vulgar and profane language" have disturbed the religious services conducted by complainant; that during said services respondents have threatened members of the complainant with knives, clubs, and similar weapons; and that respondents have littered the premises of complainant "with debris of an insulting and degrading nature." The bill further avers that unless respondents are enjoined "from further attendance and desecration of the premises" complainant "will suffer irreparable loss of members as well as the possibility of physi-

cal injury." The prayer is that respondents be temporarily "restrained and enjoined from continuing to harass or attend services or to trespass at the premises of" complainant and for permanent injunction after final hearing.

When the bill was presented to the chancellor, he did not order a temporary injunction to issue forthwith but set the cause for hearing on a day certain. The decree appealed from indicates that respondents filed a plea to the jurisdiction which was considered by the court and overruled; that the attorney for respondents was "otherwise engaged" and was not present at the hearing; and that at the insistence of complainant, on the day set for the hearing, the court, having considered the application for "temporary restraining order ex parte," the sworn bill, and affidavits submitted by complainant, decreed "That respondents are temporarily restrained and enjoined from" disturbing the meetings of complainant or threatening its members.

From the Covenant and By-Laws of complainant which are made exhibits to the bill we quote the following:

"(Officers) The Pastor

"1. The chief officer of the Church is the pastor.

"2. The pastor is the moderator at all church business meetings, unless he otherwise appoints someone else to act in his stead.

\* \* \* \* \* \*

"The Trustees

\* \* \* \* \* \*

"3. The trustee's duty is to stand for all outstanding church indebtedness.

"4. To see to it that the church and all its property is properly protected and respected.

\* \* \* \* \* \*

"The Members

\* \* \* \* \* \*

"9. A majority vote of the membership is the deciding word with its decision on all matters of disputations pertaining to the business affairs of the church.

\* \* \* \* \* \*

"17. Any person or persons who fail continously to respect the church and its premises by cursing, drunkardness, confusion, loud unnecessary noise or distrubing of the peace, will be subject to civil action brought about by the church.

"18. By a majority vote of the membership these By-Laws or Rules and Regulations of the East End Baptist Church may be ammended, changed or others may be added as deemed necessary."

The resolution purporting to authorize this suit, also made exhibit to the bill, recites in pertinent part as follows:

"Be It Resolved by the adult members of the East End Baptist Church of Birmingham, Alabama, that the Trustees of this Church who are; Thomas Watts, Chairman; (other names omitted), are hereby authorized to file injunction proceedings by and through the pastor Calvin W. Woods against the following individuals who by *they ind* concerted behavior are disrupting the church services: Peter Floyd; (other names omitted).

\* \* \* \* \* \*

"*Attest*

"Foregoing Resolution was read to and passed by the members on Feb. 14, 1960.

"Elnora Hammonds

"Church Clerk" (Par. Added)

 Appellants argue a single assignment of error which recites as follows:

"6. In that the Court erred in granting the Temporary Restraining Order when the Petition was filed in the name of the East End Baptist Church and not in the name of the congregation."

Appellants assert the following proposition of law:

"(1) The authority to file a Temporary Restraining Order when instituted by an unincorporated Baptist Association cannot be delegated to the Pastor of the Church. (Blont et al. v. Sixteenth Street Baptist Church 90 So. 602)." [Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602, 605]

and summarize their argument as follows:

"It is further quite obvious that in this case the congregation attempted to delegate to the trustees the authority to file suit and that the trustees attempted to delegate to the Pastor the authority to file the complaint in the name of East End Baptist Church. This they could not do."

The assignment of error argued is not well taken. In the Blount case, supra, this court, after examination of the record, held that the litigation there "was not duly authorized as provided by this church's government." Examination of the instant record leads to the opposite conclusion.

The By-Laws of the complainant association in the case at bar clearly indicate that complainant, like all Baptist churches so far as we are advised, is a pure democracy and, in the conduct of its affairs, is governed entirely by the majority of its members. Paragraph 18 of the By-Laws provides that by "a majority vote of the membership these By-Laws" may be changed "as deemed necessary." There is in the By-Laws no requirement of notice or anything else, so far as we have observed, to limit the absolute power of the majority of the members to act, at any time, in any manner, with respect to the business of complainant. The exhibits to the sworn bill show that the majority of the members authorized the trustees to file injunction proceedings by and through the pastor, who was already the "chief officer of the Church." We know of no reason why the majority of the members could not do this.

Appellants refer to Church Manual of Baptist Churches by Pendleton which this court referred to in the Blount case, supra. In that case, the opinion states that said manual was used by both sides on the trial. In the case at bar, no reference to the manual appears in the record, and it does not appear to be pertinent here. We will add, however, that, so far as we are advised, nothing in the manual is in conflict with this opinion.

■ This suit was instituted in the name of the church as authorized by statute and decision. § 142, Title 7, Code 1940; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341; Hamner v. Carroll's Creek Baptist Church, 255 Ala. 277, 51 So. 2d 164.

The decree below is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.