Roy Adams and Rufus Adams appeal from an order in a bill to quiet title finding Bethany Church to be the owner of certain disputed real property. We reverse and remand.
Bethany Church, an unincorporated religious society, claims possession and ownership of certain real property in Coffee County. The Church filed a bill to quiet title pursuant to Tit. 7, § 1109, Code of Alabama 1940, in its own name against Roy and Rufus Adams, individuals who also claim an interest in the property. The Adamses filed a "motion to strike the complaint for failure to state a cause of action" and defended on the grounds that Bethany Church cannot hold legal title to real property and consequently cannot maintain this suit. The trial court, treating this motion as a motion to dismiss, denied it. The cause proceeded to trial where the trial court found that Bethany Church was the owner of the disputed real property. The trial court ordered a survey to delineate the boundaries of the property and enjoined the Adamses from any further interference with the Church's possession. Because the failure to grant the motion to dismiss is dispositive of the issues raised on appeal, we reach only that point.
"It is well established in this jurisdiction that a church association, which is unincorporated, though capable of suing and being sued, Tit. 7, § 142, Code of Alabama, Recompiled 1958, is without capacity to acquire or hold legal title to land in its association name." Enterprise Lodge No. 352 of theKnights of Pythias, Inc. v. First Baptist Church (Colored) ofEvergreen, Alabama, 288 Ala. 592, 594, 264 So.2d 153, 154
(1972). Instead title is held by and through the association's named trustees who are the proper parties to bring an action to quiet title. Hamner v. Carroll's Creek Baptist Church, 255 Ala. 277,280, 51 So.2d 164, 166 (1951). As Bethany Church could not itself hold title, it could not bring suit to establish title. The motion to dismiss should have been granted.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 511