BEATTY, Justice.
Plateau Cemetery Association, by and through its president, Henry C. Williams, appeals from a decree in favor of John Kidd, et al., in Williams’s suit to quiet title to certain land comprising a cemetery. We affirm.
In Williams’s suit, he sought a temporary restraining order to prevent Kidd from constructing a fence around certain real property known as Plateau Cemetery. A cemetery was operated on this property by the Plateau Cemetery Association, an unincorporated cemetery association. The temporary restraining order was granted, and subsequently a hearing was held which resulted in the parties’ agreeing to a preliminary injunction. The trial court also ordered two elections: one to fill a vacancy on Plateau Cemetery Association’s board of directors, and another to be held four months later to elect a new board of directors for that Association. That order entitled the owners of cemetery plots, and families with immediate relatives buried in the cemetery, the right to cast votes at these elections. The first election, to select a new board member for the purported Association’s board of directors, took place and was confirmed by the trial court without objection. The second election was also held, at which a new board of directors was selected by the Association members present. Williams was present at each election. At the second election, he was a candidate for election as president, but was defeated.
Following this second election, a motion to confirm it was made. Williams objected to confirmation on the ground that nonmembers of the Association had been allowed to participate in it. The trial court then held a hearing to determine the validity of this second election. At the beginning of this hearing, both parties agreed that the trial court could consider the testimony taken at the hearing on the earlier motion for the preliminary injunction, together with the evidence presented at the hearing on the second election’s validity.
At this hearing, four witnesses testified on both direct and cross-examination. After a review of the evidence, the trial court confirmed the second election, defined the voting members of the Association, ordered annual elections of officers for the Association, and ordered Williams to surrender the minutes and banking records to the newly elected officers.
This appeal challenges the authority of the trial court in ordering the elections. The appellant contends that the trial court was limited to quieting title in the trustees of the Association.
We find no abuse in the exercise of the trial court’s discretion in that regard. The evidence disclosed a deed, dated July 12, 1904, to four persons as trustees of the Plateau Cemetery Association. No record evidence of any chain of title from that date to the date of the suit was introduced. There were references to minutes of some of the meetings of the Association, but the minutes were not introduced, and the references to them did not clearly disclose either the identities of all of the current trustees, their authority to hold office, or the methods by which one became an Association member. Coupled with this evidence, or lack of it, was testimony disclosing mismanagement, an absence of by-laws, and a lack of records of the locations of individual plots within the cemetery itself.
Faced with these omissions, and having the matter of the Association’s operation of its cemetery land as such before it, the trial court fashioned an equitable remedy which settled the entire matter. As to the propriety of this decree, it is difficult to perceive any other course of action open to the trial court, for it could not have quieted title to the cemetery land in question without having first determined the identities and authority of the trustees who were to hold the title. See Hamner v. *380 Carroll’s Creek Baptist Church, 255 Ala. 277, 51 So.2d 164 (1951). And, since the evidence did not clearly establish these aspects, the trial court was free to establish an equitable procedure for the trustees’ selection and future election for the benefit of the persons interested. Equity grants full relief when it has jurisdiction on any equitable ground to grant relief (quieting title here), and having assumed jurisdiction upon the invocation of the parties, the court will determine all of the interrelated equities of the whole. Owens v. Owens, 281 Ala. 289, 201 So.2d 396 (1967).
This case was tried ore tenus without a jury, and the trial court made no specific findings of fact. This Court, accordingly, must assume that the trial court found facts supporting its judgment, unless such a finding would be clearly erroneous and against the preponderance of the evidence. Moseley v. Lathan, 448 So.2d 341 (Ala.1984). The record in this case supports the trial court’s judgment.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AU MON and HOUSTON, JJ., concur.