# Ladd, *et al*, *v.* Powell, *et al.*

*Statutory Bill in Equity to Quiet Title and Compel Determination of Claims to Real Estate.*

[Decided Feb. 9, 1905.]

1. *Statutory Bill to Quiet Title; What Possession Necessary to Maintain It.*—To maintain a bill under the statute to compel the determination of claims to real estate and to quiet title thereto (Code, § 805, etc.), it is necessary that the complainant should have peaceable as contradistinguished from disputed possession of the lands involved in the suit.

2. *Same; Same; When Plaintiff not Shown to Have Peaceable Possession.*—On a bill filed under the statute to compel the determination of claims to real estate and to quiet title to the same, where it appears that the complainants claim title through their ancestry, who had actual possession of the property and built a small house on it and cultivated a portion of it; that upon said ancestry dying many years before the filing of the bill, the land was abondoned, the house disappeared, timber grew upon the clear lands which had become wild lands, but the respondents proved that for many years up to the hearing of the cause, they cut wood off the lands, sold timber therefrom, kept trespassers from going upon it, and paid taxes thereon, there is shown such a possession on the part of the defendants as will defeat the right of the complainants to maintain the bill.

Appeal from the Chancery Court of Mobile.

Heard before the Hon. Thomas H. Smith.

The bill in this case was filed by the appellees against the appellants under the statute, for the purpose of quieting the title to certain lands and compelling the determination of the claims thereto. The facts of the case necessary to an understanding of the opinion on the present appeal are sufficiently set forth therein.

On the final submission of the cause upon the plead-

[Ladd, *et al.* v. Powell, *et al.*]

ings and proof, the chancellor rendered a decree granting the relief prayed for and ordering and declaring that the defendants have no asset, title or interest in or incumbrance upon the lands involved in the suit. From this decree the defendants appeal and assign the rendition thereof as error.

BESTOR, GRAY & BESTOR, for appellants.—Cited *Goodson v. Brothers*, 111 Ala. 589; *Brand v. U. S. Car Co.*, 128 Ala. 579; *Black v. Tenn. C. & I. Co.*, 93 Ala. 109; *Woods v. Montevallo C. & T. Co.*, 84 Ala. 560.

L. H. & E. W. FAITH, for appellee.—Cited *Friedman v. Shamblin*, 117 Ala. 458; *Hollingsworth v. Walker*, 98 Ala. 543; *N. & C. R. R. Co. v. Mathis*, 109 Ala. 381; *Reddeck v. Long*, 124 Ala. 260-267; *Eureka Co. v. Norment*, 104 Ala. 625; *Wiggins v. Kirby*, 106 Ala. 265; *Elyton Land Co. v. Denny*, 108 Ala. 553; *Davidson v. Ala. Co.*, 108 Ala. 385.

ANDERSON, J.—This bill was filed to quiet title to land, under § 809 of the Code of 1896.

This court has repeatedly held that in order to maintain such a bill, the complainant must have the actual or constructive possession, peaceable and undisputed, as contradistinguished from a disputed or scrambling one. *Lyon v. Arndt*, in MS.; *Randle v. Daughdril*, in MS.; *Brand v. U. S. C. Co.*, 128 Ala. 579; *Adler v. Sullivan*, 115 Ala. 582.

The complainants established title through their ancestor, W. G. Powell the patentee, and in the absence of the actual possession of another, the law fixes the constructive possession in him who has the title. The complainants also established an actual possession of a part of the land by the said Powell, who had a small house on it and cultivated a small portion thereof in the year 1862. He died in 1864 and the land was abandoned 41 years ago, the house disappeared, timber grew up on the cleared land and it has been, what might be termed, wild land, for years.

The respondents proved possessory acts from 1872 up to the hearing of this cause. Said acts consisted of get-

[Hudson, *et al* v. Jackson.]

ting wood off the land at different times, selling logs and cross-ties, permitting a timber man to camp on it, keeping trespassers from going on it and clearing it, paying taxes thereon, and selling the same under a decree of the probate court by the heirs of John M. Ladd, Sr., after his death, and a continuation of acts of dominion by his sons, the purchasers at the sale. We do not here decide that these acts were sufficient to divest the title of the complainants, as this would doubtless be a proper matter for the determination of a jury in an action at law; but such acts, are entirely sufficient to contest the possession of complainants to the extent of defeating their right to maintain this bill.

The evidence as to "whose land was it generally known as?", was not legal, but the exclusion of same cannot alter the conclusion reached.

The decree of the chancellor is reversed and one is here rendered dismissing the bill.

McCLELLAN, C. J., TYSON and SIMPSON, JJ., concurring.