# Johnson *v.* Johnson.

*Bill to Quiet Title.*

(Decided June 7, 1906.   41 So. Rep. 522.)

*Quieting Title; Statutory Action; Possession.*—A bill to quiet title is not maintainable when the evidence discloses possessory acts on the land by defendant, the statute requiring peaceable possession in plaintiff as a condition precedent.

APPEAL from Clarke Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Action by Fannie Johnson against Edmond Johnson. From a judgment for plaintiff, defendant appeals.

The facts sufficiently appear in the opinion of the court.

WILLIAM D. DUNN, for appellant.—The purpose of the act is to aid those persons whose situation is such that they cannot test the hostile claim by direct proceedings in the usual way.—*Adler v. Sullivan*, 115 Ala. 582.   It

must be alleged that the possession is peaceable and the proof must show that the possession is such as contradistinguished from a contested, disputed or scrambling possession.—*Brand v. U. S. Car. Co.*, 128 Ala. 579; *Lyon v. Arndt*, 38 So. Rep. 242; *Ladd v. Powell*, 39 So. Rep. 46; *Randale v. Daughdril*, 39 So. Rep. 162; *Foy v. Barr*, 39 So. Rep. 578. There being no allegation of fraud testimony of fraud was inadmissible.

JOHN S. GRAHAM, for appellee.—Peaceable possession under claim of ownership is sufficient to maintain an action to determine the claim under the statute.—*Adler v. Sullivan*, 115 Ala. 582. Edmund Johnson was a mere trespasser. Attornment to one claiming adversely to his landlord does not divest the latter of possession or confer possession on the person to whom he wrongfully attorns.—*Fleming v. Moore*, 122 Ala. 399. The attornment to a stranger does not destroy the possession of the landlord.—*Campbell v. Davis*, 85 Ala. 56.

SIMPSON, J.—The bill in this case was filed by the appellee (as complainant) against the appellant (defendant), alleging that she was the owner and in peaceable possession of the lands in controversy.; that her husband, now deceased, had entered the land from the United States Government; that it was all the land owned by him at his death, being 160 acres, but there is no allegation or proof as to its value; also that appellant, who is her son, claims to own said land, that no suit is pending "to force the validity of his claim," and that the suit is brought "to settle the title to the land." The prayer is that "the defendant be required to set forth and specify his claim, title, or interest, and show by what instrument the same is derived or created," and that such title or interest so set up be declared to be invalid, and that complainant's title is clear, etc. It will be seen that the bill is a proceeding entirely under the statute. Section 809 et seq., Code 1896. There are no allegations calling for an adjudication, under the general principles of the law, either for quieting title or for removing a cloud upon the title. The requirements of the statute

[Johnson v. Johnson.]

are clear that, in order to maintain a suit thereunder, the complainant must be in the "peaceable possession" of the lands, and our decisions, following the language of the statute, are uniform to the effect that said possession must be peaceable, "as contradistinguished from contested, disputed, or scrambling possession."—*Lyon v. Arndt*, 142 Ala. 486, 38 South. 242; *Ladd v. Powell*, 144 Ala. 408, 39 South. 46; *Randle v. Daughdrill et al.*, 142 Ala. 490, 39 South. 162.

The evidence in this case shows acts of possession on the part of the defendant, and the fact that he has been prosecuted for trespass does not change the fact that the possession is claimed by the respondent, and that the possession of the complainant is disputed and not peaceable. We do not decide as to the effect of these acts of possession in other aspects, nor do we decide that there might not be relief under appropriate allegations for removing a cloud under general equitable principles, irrespective of the statute, but only that there is not shown that peaceable possession which the statute requires in proceedings under it. It may also be remarked that the claim of title on the part of the complainant is simply as widow of Cyrus Johnson, while the respondent is his son; and, while the testimony shows that the land was only 160 acres in area, it does not show what its value was. If it was worth more than $2,000, the son may have had some interest in it. As both parties claim under Cyrus Johnson, we do not deem it necessary to notice that the patent offered in evidence was to Cyrus Jones. We take it for granted that this is a clerical error.

The decree of the court is reversed and the cause remanded.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.