# Central of Georgia Railroad Company
## v. Rouse.

### Bill to Quiet Title.

(Decided February 8, 1912.   57 South. 706.)

1. *Quieting Title; Peaceable Possession; Right to Sue.*—One in peaceable possession under a claim of ownership, as distinguished from possession which is disputed, is within the statute authorizing one in peaceable possession actual or constructive, to sue to quiet title, and the fact that the right to the possession is disputed does not defeat the right to sue; but where the possession, as distinguished from the right of possession, is disputed, the suit will not lie under the statute.

2. *Same.*—The evidence examined and it is held that complainant did not show such peaceable possession as is essential to maintain the suit under the statute.

APPEAL from Pike Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by L. R. Rouse against the Central of Georgia Railway Company to quiet title to a strip of land. From a decree for complainant respondent appeals. Reversed and rendered.

STEINER, CRUM & WEIL, and FOSTER, SAMFORD & CARROLL, for appellant. The evidence fails to show that the complainant was in the peaceable possession of the lot in such a sense as would enable him to maintain this bill.—*Ladd v. Powell*, 144 Ala. 409; *Johnson v. Johnson*, 147 Ala. 543; *Crabtree v. Ala. Land Co.*, 155 Ala. 513. The railroad had its section houses on a part of this land included in the deed to the railroad, and therefore had constructive possession.—*Crowder v. T. C. I. & R. R. Co.*, 162 Ala. 151.

E. R. BRANNEN, for appellee. Where a bona fide sale is intended as shown by the writing, parol evidence be-

[Central of Georgia Railroad Company v. Rouse.]

comes admissible to identify the property and sustain the validity of the deed.—*Cottingham v. Hill,* 119 Ala. 353; *Webb v. Elyton L. Co.,* 105 Ala. 471; *Haralson v. Harper,* 54 South. 517. A sufficient peaceable possession was shown in complainant to bring him within the statute.—*Wood L. Co. v. Williams,* 157 Ala. 77; *Jordan v. McLure L. Co.,* 54 South. 421; *Brand v. U. S. Car Co.,* 128 Ala. 579. There is no estoppel shown.—*Clark v. Johnson,* 155 Ala. 648; *Scharfenberg v. New Decatur,* 155 Ala. 651.

ANDERSON, J.—Our statute authorizing a person in the peaceable possession of land, actual or constructive, to file a bill to quiet title to the same was construed in the case of *Adler v. Sullivan,* 115 Ala. 582, 22 South. 87. It was there said: "The act does not require the complainant to have title by possession; but if he has peaceable possession, under claim of ownership, as contra-distinguished from possession which is disputed or contested, it is all, as to this, the statute requires." This case has been repeatedly cited and followed by cases, wherein the complainant's bill has been dismissed, because the proof showed that, whether he was in possession or not, it was a scrambling, disputed, or contested possession.—*Lyon v. Arndt,* 142 Ala. 486, 38 South. 242; *Randle v. Daughdrill,* 142 Ala. 490, 39 South. 162; *Ladd v. Powell,* 144 Ala. 408, 39 South. 46; *Wood v. Lumber Co.,* 157 Ala. 73, 47 South. 202; *White v. Cotner,* 170 Ala. 324, 54 South. 114. This *Wood Case* is not opposed to the others, and is in conformity therewith, as there is a distinction between disputing the possession and the right to the possession. If the right to, and not the possession, is disputed, this fact should not defeat the right to maintain the bill; but if the possession itself, as distinguished from the right to same, is

disputed, then the party whose possession is disputed cannot maintain the bill. Nor is the case of *Jordan v. McClure,* 170 Ala. 289, 54 South. 415, opposed to the present holding or the authorities, supra, as the opinion expressly states that the act of respondents in posting notices on the land was a mere adverse claim of title; and the opinion further on lays down the correct rule, as follows:. "It requires actual possession or constructive possession; and, while it must be peaceable, it does not mean that the right or title thereto must not be disputed, for that is what the suit is intended to determine and quiet." This case does not hold that a possession is peaceable when it is disputed, or that the bill can be maintained when the possession itself, as distinguished from the right to same, is being disputed.

The fourth headnote in this case is misleading. It is very questionable if the preponderance of the evidence in the case at bar does not place the possession of the strip in controversy in the respondent, instead of the complainant, when the bill was filed; but whether it does or not, and conceding, without deciding, that the complainant was in possession, it was not such a possession as the statute requires in order to maintain the bill. There was proof that the strip was surveyed and staked off as part of the respondent's right of way soon after the conveyance from the elder Davis—Davis, Jr., the complainant's grantor, had his lots laid off and bounded to the front by this strip; he and the owners of other lots had their yard fences on the line btween the lots and said strip. There was proof that Davis never claimed the strip, and told parties to whom he sold or was trying to sell lots that the respondent owned . the strip, and they would never be bothered with houses in front of them. There was also proof that he declined to let a witness cut a certain tree from said strip, be-

cause it belonged to the respondent, and about the only acts of possession shown by Davis, Jr., was to have the strip cleaned off occasionally while he was accupying the house now owned by the complainant, Rouse. The only acts of possession shown by Rouse was cleaning off the strip occasionally, and at one time, just before or about the time of the filing of the bill, protesting against leaving logs on same, if the authority to do so was derived from the respondent. On the other hand, there was evidence showing that the respondent went into possession of the right of way under the deed from the elder Davis, kept the stakes at the corner, stopped the complainant's men from cutting down a tree on the land, and that it was used repeatedly as a dumping ground for logs brought for shipment, and which were deposited thereon with the consent of and under the authority of the respondent, and without protest or hindrance from Davis, Jr., or the complainant, except the one time mentioned. We hold that the complainant has not shown such a peaceable possession as will enable him to maintain the bill, and the decree of the chancery court is reversed, and one is here rendered, dismissing the bill of complaint.

Reversed and rendered. All the Justices concur.