7 So.2d 568

**PRICE et al. v. ROBINSON et al.**

7 Div. 659.

Supreme Court of Alabama.

April 16, 1942.

W. C. Rayburn, of Guntersville, for appellants.

Merrill & Merrill, of Anniston, for appellees.

### LIVINGSTON, Justice.

This is a statutory bill to quiet title. Section 9905 et seq., Code 1923; Title 7, Section 1109 et seq., Code 1940.

Under the foregoing statute this court has repeatedly held that in order to maintain the action the proof must show a peaceable possession in the complainant as contradistinguished from a contested, disputed or scrambling possession. Randle et al. v. Daughdrill et al., 142 Ala. 490, 39 So. 162; George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Ladd et al. v. Powell et al., 144 Ala. 408, 39 So. 46; Central of Georgia Railroad Company v. Rouse, 176 Ala. 138, 57 So. 706; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675.

To constitute a contested, disputed or scrambling possession, it is not necessary that the possession on the part of the respondent be of such character as would ripen into a title. Crabtree v. Alabama Land Co., 155 Ala. 513, 46 So. 450; Ladd et al. v. Powell et al., supra; Buchmann Abstract & Investment Co. v. Roberts, supra.

And as to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case.

The lands involved are described in the Bill of Complaint as "13 acres, more or less, being and lying on the West side of the Southeast fourth (SE-¼) of the Northeast fourth (NE-¼) of Section 17, Township 17, Range 9; said tract of land being known as the Martin-McDougal home tract of land; said tract of land being bounded on the East by land now owned and occupied by A. J. Freeman."

The answer of the respondents disclaim any interest, right or title in and to the above described lands, except 2 acres known as the Bethsadia Church lot and cemetery lot described as follows, to-wit: "Beginning at the Southwest corner of Southeast Quarter of Northeast Quarter of Section 17, Township 17, Range 9, thence East 20 rods, thence North 2½ rods to a starting point, thence North 20½ rods, thence East 20 degrees South II rods, thence North 34 degrees East 9 rods, thence East 50 degrees South 16 rods, thence South 34 degrees West 8 rods, thence West 34 degrees North 16 rods, thence South 12 degrees West 16½ rods, thence West 8 rods to the starting point, containing 2 acres, situated, lying and being in the County of Cleburne, State of Alabama."

The respondent is shown, not only to have claimed the right to possession of the 2 acres known as the Bethsadia Church and cemetery lot, and that such claim of possession was in fact brought to the knowledge of complainants, but it is shown further that there is a church-house on the two acre lot and numerous graves in the cemetery located thereon; that the church-house is now, and has been for many years, used as a place of worship; that the cemetery is now being used for the burial of the dead, and has been so used for a long period of time.

While not material for the purpose of decision, some of the testimony is to the effect that the church lot and cemetery lot have been used as above indicated since "about 1870".

It would serve no useful purpose to set out the testimony. Suffice it to say

628

that in the light of our former decisions it is amply sufficient to show that the possessory acts, herein indicated, on the part of the respondents were sufficient as a contest of complainants' possession so as to destroy the peaceable character thereof and constitute it a disputed, contested or scrambling one. Authorities supra.

This conclusion destroys the jurisdiction of the court over the cause, and renders unnecessary a determination of any issue as to the contest of title. These questions are properly here pretermitted.

The decree will be reversed and one here rendered dismissing the bill, but without prejudice to the right of complainants to institute appropriate proceedings to try the title to the lands.

Appellant, however, will be taxed with the costs incurred in this Court and in the court below.

Reversed and rendered.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.