8 So.2d 417

### DAWSEY et al. v. WALDEN.

#### 4 Div. 170.

Supreme Court of Alabama.

May 14, 1942.

Rehearing Denied June 11, 1942.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellants.

G. D. Halstead, of Headland, for appellee.

LIVINGSTON, Justice.

Statutory bill to quiet title to certain lands located in Houston County, Alabama. Section 9905, Code of 1923; Title 7, section 1109, Code of 1940.

The bill of complaint contains the required jurisdictional averments. The answer of the respondents denies that complainant was in peaceable possession of the lands involved at the time suit was brought, and alleges that respondents were in peaceable possession thereof. The answer further avers that respondents claim title to said lands, setting out its source.

This Court has repeatedly held that in order to maintain the action the proof must show a peaceable possession in the complainant, as contradistinguished from a contested, disputed or scrambling possession. Randle v. Daughdrill, 142 Ala. 490, 39 So. 162; Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Ladd v. Powell, 144 Ala. 408, 39 So. 46; Central of Georgia R. Co. v. Rouse, 176 Ala. 138, 57 So. 706;

Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675, 676.

And, as was said by Justice Gardner in the case of Buchmann Abstract & Investment Co. v. Roberts, supra, "As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case. The mere fact that another denied the right of complainant to possession would not destroy the effect of a peaceable possession, such party 'must do something indicating that he claims to be in possession himself, thus opening the way for the party in possession to institute some proceeding against him and thus test their respective rights.' Wood Lumber Co. v. Williams, supra."

Each respondent assigns one error: "The court erred in the decree rendered against him."

The evidence in this case is in hopeless conflict. It was not taken orally before the trial court, but was taken before the register and none of the witnesses were seen and heard by the court.

Section 10276, Code of 1923 (Title 13, section 17, Code of 1940) demands in such a case that we review and sit in judgment upon the evidence pertinent to the inquiry. This we have undertaken to do. The record is voluminous, and to set forth in detail the evidence would but encumber the opinion. Suffice it to say, we have carefully examined every item of evidence, and are to the conclusion that complainant has sustained the burden of proof put upon him by the pleadings.

This conclusion is in harmony with the decree of the trial court, and there being no other questions for review, the decree of the trial court is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.