83 So.2d 228

**Ethel B. McGOWIN et al., Exr's**

v.

**J. R. FELTS.**

**3 Div. 716.**

Supreme Court of Alabama.

Nov. 3, 1955.

Calvin Poole, Greenville, for appellants.

Howell P. Rogers, Greenville, for appellee.

MAYFIELD, Justice.

This is an appeal from a final decree of the Circuit Court of Butler County, in Equity. The decree is on a statutory bill to quiet title filed by appellee under the authority of Code of 1940, Title 7, Section 1109, which statute provides as follows:

"When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or encumbrance, such person or his personal representative or guardian, so in possession, may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same."

In construing the foregoing act, this court has repeatedly held that in order to maintain the statutory action the proof must show a peaceable possession in the complainant, as contradistinguished from a contested, disputed or scrambling possession. Price v. Robinson, 242 Ala. 626, 7

So.2d 568 (citing 5 earlier Alabama cases). See, also, Hinds v. Federal Land Bank of New Orleans, 237 Ala. 218, 186 So. 153; Kinney v. Steiner Bros., 167 Ala. 494, 52 So. 593; Holland v. Coleman, 162 Ala. 462, 50 So. 128; Lyon v. Arndt, 142 Ala. 486, 38 So. 242.

■ It is also clear that to constitute a contested, disputed or scrambling possession, it is not necessary that the possession on the part of the respondent be of such character as would ripen into title. Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562; Price v. Robinson, 242 Ala. 626, 7 So.2d 568; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; Holland v. Coleman, supra; Crabtree v. Alabama Land Co., 155 Ala. 513, 46 So. 450; Ladd v. Powell, 144 Ala. 408, 39 So. 46.

■ As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case. Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Dawsey v. Walden, 243 Ala. 93, 8 So.2d 417; Price v. Robinson, supra; Buchmann Abstract & Investment Co. v. Roberts, supra; Geo. E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202.

The land to which the complainant-appellee seeks to quiet title is a forty-acre tract of semi-wild land in Butler County, Alabama. The answer of the respondents disclaims any interest, right or title in and to the forty-acre tract other than to a seven-acre trapezoid located in the northeast corner of the said forty acres.

Appellants-respondents claim title by mesne conveyances through one Murphy; and, that they and their predecessors in title were in continuous adverse possession of the land for more than twenty years before the suit was filed.

■ The appellee claims to have been in possession of said lands and to have regularly assessed it for more than ten years "before any of the appellants obtained title to the property." Appellee also claims title through a tax deed given by the Judge of Probate of Butler County and dated May 6, 1932. The tax deed is based on a tax assessment made against "the estate of D. L. Hawthorn", whom the evidence discloses to have been the grandfather of the appellee. The Tax Assessor cannot assess lands for taxation as the property of a deceased owner, or of his estate, and a sale by the Probate Court for unpaid taxes based on such an assessment is void, a mere nullity, and the purchaser at such sale acquires no title. Henderson v. Simmons, 234 Ala. 329, 174 So. 491; Webb v. Griffin, supra.

■■ The case was vigorously contested by opposing counsel in the trial court. Voluminous evidence was adduced at the hearings as to the claims of title and possessory acts of the contending parties. It would serve no useful purpose and unduly burden this opinion to delineate the testimony in this cause. Suffice it to say that in the light of our former decisions, the evidence is amply sufficient to show that the possessory acts herein indicated on the part of the respondents were more than sufficient to destroy the peaceable character of the possession claimed by the complainant. Complainant's possession was a disputed, contested or scrambling one. Price v. Robinson, and other authorities, supra. Appellee failed to establish the peaceable possession alleged in the complaint. The court below was, therefore, without jurisdiction to go further and determine title to the land.

The decree of the Circuit Court will be reversed and one here rendered dismissing the bill, but without prejudice to the rights of the complainant to institute appropriate proceedings to try and determine the title to the lands.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON, and GOODWYN, JJ., concur.