123 So.2d 112

W. M. WILSON et al.

v.

Fannie DORMAN et al.

6 Div. 404.

Supreme Court of Alabama.

Sept. 15, 1960.

Graham, Bibb, Wingo & Foster, Birmingham, for appellants.

Ben F. Ray, Birmingham, for appellees.

SIMPSON, Justice.

Complainants, appellants, filed a bill in November, 1949 to quiet title in complainants to 40 acres of wild land described in the complaint. After testimony was heard ore tenus, and upon final submission, the trial court entered a decree dismissing the bill. From this decree complainants bring this appeal.

Factually, the situation seems to be:

Suit was filed against Charles M. Dorman by W. M. Wilson and W. A. Brown, partners trading as Wilson-Brown Company, for the collection of a debt on March 14, 1932. Judgment was obtained in the amount of $284 by these plaintiffs against Dorman on June 3, 1932. On June 27, 1932, execution on this judgment was issued directing the Sheriff of Jefferson County to levy upon the lands, goods and chattels of the said Dorman. On August 29, 1932 a Sheriff's sale was had pursuant to said execution and the plaintiffs became the purchasers of the lands by the Sheriff's deed which was executed on September 1, 1932, and described the following lands:

"SE ¼ of NW ¼ (SR) Section 7, Tp. 15, Range 1. The SW ¼ of the SW ¼ (SR) Section 7, TP 15, Range 1. Begin at the SW corner of the NE ¼ of the NW ¼, run East 500 feet, more or less, thence West along the center of the Public road 500 feet, thence South 500 feet, more or less, to the beginning, being all of the NE ¼ of the NW ¼ lying South and West of the

Public road, containing three acres, more or less, (SR) Situated Section 7, ·Tp 17, Range 1, All in Jefferson County, Alabama. (Complainant's Exhibit 10, Tr. p. 88.)"

This deed was recorded.

Subsequently, the Clerk of the Circuit Court of Jefferson County issued execution to the Sheriff commanding him to levy upon the lands, goods and chattels of the said Dorman. Thereupon another sale was had, after proper advertisement of the same, and the plaintiffs again became purchasers by a second Sheriff's deed of the following described lands:

"S. W. ¼ of the S. W ¼ Section 7, Township 15 South, Range 1 West, surface rights only. All situated in Jefferson County, Alabama."

After the original law suit was filed against the said Charles M. Dorman for the collection of the debt, and on April 29, 1932, the said Charles M. Dorman executed a deed to his wife reciting consideration of $100, and purporting to convey the following lands:

"The South West quarter of the South West quarter of sec Seven Township fifteen south, Range One West (SW ¼ of SW ¼ Sec. 7 Tp. 15 SR.1W.) subject however to right of way heretofore granted to the Birmingham Mineral Railroad Co as per deed of the Ala State land Company, No. 1954."

Thereafter on January 30, 1946, Charles M. Dorman joined his wife in a conveyance to their son Oscar W. Dorman, of the land previously conveyed by Charles M. Dorman to his wife, ·Fannie Dorman. This is the suit property.

Charles M. Dorman died in November, 1947. The bill to quiet title in the complainants was filed some two years later.

While there are several contentions made by each of the parties, it is unnecessary to consider them separately. As pointed out above, there was a disparity in the descriptions contained in the two Sheriff's deeds (and it is doubtful that the levy would support the second deed). The first deed attempts apparently to convey three separate parcels of land. The bill of complaint, however, describes only one forty-acre tract. In the view we take, however, this disparity is insignificant to a decision of the case.

 The evidence of the complainants tends to show that after the execution of the Sheriff's deeds to them, that they posted the lands with no trespass signs (just when is not shown) and at one time had the same surveyed (when is not shown). The respondents say they knew nothing about this. There is one tax receipt showing that taxes were paid by the complainants in the year 1932 at least, and they testified they had paid others. On the other hand, the respondents put in evidence tax receipts for all of the years commencing in 1931 through 1952 with the exception of the years 1932, 1938, 1939, and 1952. As we see it, the trial judge committed no error in dismissing the bill for the following reason: It is well settled in this state that in order to maintain a bill to quiet title to lands it is necessary that the complainant allege and prove that he is in peaceable possession of the real estate described. Where possession as distinguished from the right of possession is disputed, the suit will not lie. Carr v. Moore, 203 Ala. 223, 82 So. 473. When at the time of filing the bill the possession of the complainants is disputed and is at best a scrambling possession, the suit will not lie. Cooper v. Cooper, 201 Ala. 477, 78 So. 383. See also our case of Chestang v. Tensaw Land & Timber Co., Ala., ── So.2d ──.

The possession of the complainants consisted in at one time posting the land with no trespassing signs and at another having a survey made. On the other· hand, the lands have been in the Dorman family for well

over forty years. There was evidence that one of the respondents, Oscar Dorman, had after his purchase of the lands from his mother, posted the same and exercised other acts of possession over it. There was evidence that the same, or part of the land, was cultivated during the last few years by tenants of Oscar W. Dorman. As was noted in Central of Georgia Ry. Co. v. Rouse, 176 Ala. 138, 57 So. 706, 707: "* * * there is a distinction between disputing the possession and the right to the possession. If the right to, and not the possession, is disputed, this fact should not defeat the right to maintain the bill; but if the possession itself, as distinguished from the right to same, is disputed, then the party whose possession is disputed cannot maintain the bill." And complainant is not in peaceable possession within the terms of the statute unless "his possession is so clear that no one is denying the fact of his actual or constructive possession". George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 76–77, 47 So. 202, 203. See also Ala. Digest, Quieting Title, ⬡23.

Indeed, the failure to prove complainants' peaceable possession within the meaning of the statute destroyed the jurisdiction of the court over the cause at its very threshold and rendered unnecessary a consideration of any of the other questions in the case. Chestang v. Tensaw Land & Timber Co., supra, quoting with approval the statement in Crump v. Knight, 250 Ala. 393, 396, 34 So.2d 593.

On the whole record it is evident that the complainants did not prove that peaceable possession of the lands that the law requires and of consequence we cannot say that the ruling of the trial court in so finding was palpably erroneous. King v. King, 269 Ala. 468, 114 So.2d 145; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.