194 So.2d 845

Pete PATRONAS

v.

WEST DAUPHIN CORPORATION.

I Div. 368.

Supreme Court of Alabama.

Feb. 2, 1967.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellee.

SIMPSON, Justice.

This is a bill to quiet title to some nine miles of sand dune, wild, scrub oak property on Dauphin Island filed by West Dauphin Corporation against appellant. Following a hearing wherein the evidence was taken ore tenus, the trial court decreed that the complainant-appellee owned the property, was in peaceable possession thereof and restrained the respondent-appellant from further dumping garbage upon the land. This appeal followed.

Five assignments of error are made, one of which is not argued, and the other four

M. A. Marsal, Mobile, for appellant.

complain that the trial court erred in its decree on the ground that the evidence shows that the complainant had no more than "a scrambling possession" and hence had no right to have title quieted.

The complainant-appellee showed that record title to the property was in it. This was not disputed. The gist of the appellant's argument centers around his contention that there was no evidence to support the court's finding that in addition, appellee was in possession of the same.

The bill alleges that complainant is in actual or constructive, peaceable possession of the lands described, and that the respondent is engaged in the garbage disposal business on Dauphin Island and is using the land to dump garbage collected from the residents of the Island.

The position taken by appellant is that the evidence shows that the respondent has been using the land to dump his garbage for a considerable period of time, that he built a shell road on the property to drive his garbage trucks on, and that in the past he has grazed cattle on the property.

■ It is well settled in this jurisdiction that:

"To maintain a bill to quiet title, possession, actual or constructive, is essential and must be definitely and unequivocally averred. Hobson v. Robertson, 224 Ala. 49, 138 So. 548. A complainant not in actual possession may rely on constructive possession which the law attaches to the legal title in the absence of an actual possession by anyone else. Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562."—Moorer v. Bethlehem Baptist Church, 272 Ala. 259, 130 So.2d 367.

The trial court found that the complainant here had proved that it was in peaceable possession of the lands involved. There is evidence to support this finding. For example, it had erected "No Trespassing" signs on the land from time to time; it had executed leases to various parcels of the lands; it had employed persons from time to time to care for and supervise the property; it permitted swimming in the bay along the shore line, and fishing from the property. It and its predecessors in title had paid taxes on the land for more than twenty consecutive years. The appellant contends, however, that his evidence indicates that the possession of the complainant must be but "a scrambling" one since it shows that he has been in possession. We are not convinced. It is true that this court has said on many occasions that the possession of the respondent in a case like this need not be such as would ripen into title, but this does not mean that the respondent may defeat complainant's bill to quiet title by a mere showing that he has done isolated acts indicating possession of the property, not in fact amounting to an interference with the peaceable possession of complainant.

■ As we have frequently noted:

"As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case." Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Dawsey v. Walden, 243 Ala. 93, 8 So.2d 417; McGowin v. Felts, 263 Ala. 504, 83 So.2d 228.

The term "peaceable possession" has been defined as follows from George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202:

"So the question arises, what is peaceable possession? It cannot mean that it is peaceable unless there be some legal proceeding in progress to test the title or right to possession; for the object of the statute is to allow the party who is in possession, and who cannot force the adversary claimant to institute any proceeding, to bring said party into court in order to determine whether he has any just claim to the property. The word 'peaceable,' then, refers to the character of his possession. So long as his posses-

sion is so clear that no noe is denying the fact of his actual or constructive possession is so clear that no one is denying the person may be denying his right to possession."

 The question of the nature of the complainant's possession then is a factual one, dependent upon the circumstances of each case. Here complainant had legal title to the property, paid taxes on it and exercised other rights of an owner of property. The respondent used the land to dump his garbage. He is claiming that the possessory acts he committed with respect to the land renders the complainant's possession a mere scrambling, disputed possession. We cannot say that the conclusion reached by the trial court is palpably erroneous and in the absence of error of that magnitude, we cannot disturb his finding on the facts. King v. King, 269 Ala. 468, 114 So.2d 145; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8; Clanahan v. Morgan, 268 Ala. 71, 105 So.2d 429.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.