223 So.2d 580

**Gertrude NIX and Ernest Nix**

**v.**

**Joe HASSELL and Bob Hassell.**

**7 Div. 839.**

Supreme Court of Alabama.

May 29, 1969.

Arthur D. Shores, Birmingham, for appellants.

Robert W. Weaver, Talladega, for appellees.

**BLOODWORTH, Justice.**

This is an appeal from a final decree of the circuit court of Talladega County, Alabama, in equity, establishing a disputed boundary line between property of the appellants and appellees.

Appellants, Nix, assign as error: (1) The court erred in overruling their motion to exclude the evidence; (2) the court erred in overruling their motion for rehearing.

Appellees, Hassell, contend that the trial court can never be put in error for overruling a motion to exclude in a civil case; and, that a decree overruling an application for rehearing is not appealable. These contentions are correct.

The assignment of error that the court erred in overruling appellants' motion to exclude is without merit. This court has long held that in civil cases, the trial court will not be put in error for refusing a defendant's motion to exclude the plaintiff's evidence. Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891; Western Railway of Alabama v. Brown, 280 Ala. 543, 196 So.2d 392; Brunson v. Brunson, 278 Ala. 131, 176 So.2d 490. As we commented in Jack Cole Co. v. Hayes, 281 Ala. 118, 199 So.2d 659:

> "The granting of a motion to exclude the evidence is never proper in this jurisdiction (Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230), although a trial court will not be put in error in *granting* such motion, even though procedurally improper, where the plaintiff's evidence does not make out a prima facie case. Stewart v. Peabody, 280 Ala. 5, 189 So.2d 554, and cases therein cited."

Appellants' assignment of error that the court erred in overruling their motion for rehearing is likewise without merit because we have held that a decree denying an application for rehearing will not support an appeal. Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601.

The final decree of the court below is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.