259 So.2d 226

**Charity FORD**

**v.**

**Fred WASHINGTON et al.**

**8 Div. 447.**

Supreme Court of Alabama.

March 9, 1972.

Smith, Johnston, Walker & Morris, and Nancy S. Gaines, Huntsville, for appellees.

Sullins & King, Huntsville, for appellant.

BLOODWORTH, Justice.

Appellees (complainants below), trustees and deacons of the Mount Carmel Primitive Baptist Church, filed this bill of complaint against appellant Charity Ford (respondent below) seeking to quiet title to a certain tract of land located in Madison County, Alabama. From a final decree in favor of appellees, appellant appeals.

The land is described in the bill as follows:

"One acre on the right of the road going from the City of Huntsville to the Bell Factory and on the extreme West boundary of the land purchased of Mr. John K. Fariss and wife, C. C. Fariss; Also, described as follows: Beginning at the Northwest corner of Section 11, Township 3, Range 1 East, in the center of a county road; thence due South 208.7 feet to a point; thence due East 208.7 feet to a point; thence due North 208.7 feet to the center of a public road; thence due West 208.7 feet to the point of beginning, containing one acre, more or less."

The bill alleges that complainants are the owners of this tract and are in constructive or actual peaceable possession thereof, and that respondent Charity Ford claims some right, title, interest in or encumbrance upon the same. Prior to trial, respondent Ford exercised her right under Title 7, § 1112, Code of Alabama 1940, to demand a jury trial.

Following the presentation of complainants' case, respondent moved to exclude the evidence, or in the alternative to dismiss the bill, on grounds that,

"* * * It affirmatively appears from the evidence that the complainants or anyone acting through them have not been in actual or constructive possession of the property for the last ten years immediately preceding the filing of the bill of complaint herein."

The court overruled both motions and the case was submitted to the jury. The jury found the complainants to be "in actual or constructive and peaceable possession" of the land in question. The court rendered a final decree declaring: complainants to be the owners in fee simple of the land, respondent to have no right, title or interest therein, and all doubts or disputes concerning the title to the land to have been resolved. It is from this decree that respondent Ford appeals. As will hereinafter appear, we have concluded that the trial court's decree should be affirmed.

The first assignment of error is addressed to the court's overruling respondent's motion to exclude the evidence. This assignment is without merit.

"* * * This court has long held that in civil cases, the trial court will not be put in error for refusing a defendant's motion to exclude the plaintiff's evidence. (Citations omitted) * * *" Nix v. Hassell, 284 Ala. 175, 223 So.2d 580 (1969).

Assignment of error No. 2 concerns the court's overruling respondent's motion to dismiss the bill of complaint. Respondent Ford insists that it affirmatively appeared from complainants' evidence that they were not in peaceable possession but that complainants and respondent had been "scrambling" for possession of this property for many years. Thus, respondent says that failure to prove peaceable possession destroyed the jurisdiction of the court over the cause at its very threshold, and that the bill should therefore have been dismissed on motion.

Under Title 7, § 1109, Code of Alabama 1940, in order to maintain a bill to quiet title "the complainant must have the quiet and peaceable possession, actual or constructive, of the land claimed, as distinguished from a scrambling or disputed possession." Merchants National Bank v. Hall, 278 Ala. 319, 178 So.2d 146 (1965).

In several opinions of this court, language similar to the following has been used:

"Indeed, the failure to prove complainants' peaceable possession within the meaning of the statute destroyed the jurisdiction of the court over the cause at its very threshold and rendered unnecessary a consideration of any of the other questions in the case. * * *" Wilson v. Dorman, 271 Ala. 280, 123 So.2d 112 (1960).

See, also, Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675 (1925); McGowin v. Felts, 263 Ala. 504, 83 So.2d 228 (1955).

However, on rehearing in Chestang v. Tensaw Land & Timber Company, 273 Ala. 8, 16, 134 So.2d 159, 166 (1960), this court reached a different conclusion, holding:

"* * * that jurisdiction of a statutory procedure is invoked by the allegations, not the proof.

\*       \*       \*       \*       \*       \*

"At trial, the burden is on complainant to prove his allegations. If he cannot, he fails to recover and his suit cannot be maintained. But that does not mean that the equity court suddenly lost jurisdiction to proceed any further. * * *"

The court had this to say about Wilson v. Dorman, supra, and prior cases holding otherwise:

"* * * It follows that the 'jurisdiction destroyed' statements in the cases of Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; Grayson v. Muckleroy, 220 Ala. 182, 124

So. 217; McCaleb v. Worchester, 224 Ala. 360, 140 So. 595; Price v. Robinson, 242 Ala. 626, 7 So.2d 568; McGowin v. Felts, 263 Ala. 504, 83 So.2d 228; Mettee v. Bolling, 266 Ala. 50, 94 So.2d 191; Hart v. Allgood, 260 Ala. 560, 72 So.2d 91; Wilson v. Dorman, 271 Ala. 280, 123 So.2d 112, should be disregarded.

"But the case of Crump v. Knight, 250 Ala. 393, 34 So.2d 593, 596, must be and it is overruled, because it was held that when complainant failed to prove possession, 'this ended any litigable controversy between the parties,' even though title was quieted in respondent by the lower court." Chestang v. Tensaw Land & Timber Company, supra.

In *Chestang*, this court went on to hold that, although the court did not lose jurisdiction,

"If there is only a scrambling possession, neither complainant nor respondent has actual or constructive possession and the bill should be dismissed. * * *"

Thus, we consider whether the complainants were in "peaceable" possession or whether their possession was "scrambling" as insisted upon by respondent.

Complainants' title was obtained through a deed made in 1877 by Samuel Douglass and wife conveying the tract in dispute to the "Deacons of the Baptist Church and their successors in office forever." The Mount Carmel Primitive Baptist Church was organized in 1877. According to the testimony, it erected a church building on the property and held regular church services in that building until 1952. The Mount Carmel church was never incorporated as a non-profit corporation, but it is a recognized member of the Indian Creek Primitive Baptist Association, a corporate body, and subscribes to the by-laws, liturgy and procedure of that association. Complainants' testimony was to the effect that, after 1952, church services were discontinued in the original building but that they continued to be held in an old school

building located on a two-acre tract adjoining the property in dispute. This school building was owned by the St. Bartley Primitive Baptist Church, the mother church of the Indian Creek Primitive Baptist Association. While holding services in the school building, the congregation used the one-acre tract in dispute for a parking area until, according to the testimony, "it grew up * * * with pines and things and you couldn't." The testimony further indicates that the last regular services of the Mount Carmel church were held in 1966, but even after that date services continued to be held "off and on." The last meeting of the church was held in the school house in 1969, just prior to the filing of this suit. Its purpose was to elect deacons and trustees.

Respondent obtained her title by a deed, dated December 30, 1944, made to her and her husband, Jerry Ford, by Roney and Altie Mathias. (Jerry Ford was deceased at the time of the filing of this suit.) This deed conveyed title to 32 acres, including the acre in question, but excluding the two acres on which the school building was located. All of the deeds in respondent's chain of title, dating back to 1907, conveyed the one-acre tract here in question. She has paid taxes on the entire 32-acre tract since 1944. Respondent testified that there have been no church services in the church building since she bought her tract of land; that she has used the church building for storage of lime and lumber, and that she denied permission to the church members to use the building. Respondent further testified that she has never planted crops on the one-acre tract, but that her children had played there.

In 1963 respondent stored lumber in the church building. One of complainants, John W. Laughinghouse, testified that respondent called him and asked permission to put the lumber there and that he gave her permission on behalf of the congregation. He said that the weight of the lumber subsequently caused the building to collapse. On the other hand, respondent, though admitting she called Laughinghouse, testified that she told him she was putting the lumber in the church and that if they wanted the benches in the building they would have to remove them. There was also evidence that, prior to 1967, someone posted the property with signs reading, "Private Property—Keep Off." In 1967, respondent refused to allow members of the church to cut some trees growing on the one-acre tract. Complainant Laughinghouse testified that the trees were not cut because "I wasn't going to go over her feelings." This was the first knowledge, the complainants say they had, that respondent claimed any interest in the tract.

Complainants testified that in 1969 members of the church decided to reactivate Mount Carmel Primitive Baptist Church. They met in the school house adjacent to the church grounds and elected deacons and trustees. Shortly afterward, a group composed of the newly elected deacons and other members of the congregation attempted to erect a fence around the one-acre tract. They were prevented from doing so by respondent's daughter who threatened to call the police if complainants and the others did not leave the property. This action was then instituted by complainants.

In determining whether complainants were in peaceable possession of the land at the time of the filing of this suit, previous decisions provide some well established principles to which we now allude.

" 'As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case.' Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Dawsey v. Walden, 243 Ala. 93, 8 So.2d 417; McGowin v. Felts, 263 Ala. 504, 83 So.2d 228." Patronas v. West Dauphin Corp., 280 Ala. 442, 194 So.2d 845 (1967).

" * * * Payment of taxes and a claim of title are not sufficient evidence of possession to defeat the right of com-

plainant. Montgomery v. Spears, 218 Ala. 160, 117 So. 753." Ellis v. Womack, 247 Ala. 254, 23 So.2d 859 (1945).

" * * * The mere fact that another denied the right of complainant to possession would not destroy the effect of a peaceable possession, such party 'must do something indicating that he claims to be in possession himself, thus opening the way for the party in possession to institute some proceeding against him and thus test their respective rights.' Wood Lumber Co. v. Williams, supra, [157 Ala. 73, 47 So. 202]." Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675 (1925), supra.

"On appeal, this court indulges all favorable presumptions in favor of the conclusion from the evidence reached in the trial court and will not disturb such conclusion unless it is plainly erroneous or manifestly unjust. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712. * * * " Decker v. Hays, 282 Ala. 93, 209 So.2d 378 (1968).

" * * * It is true that this court has said on many occasions that the possession of the respondent in a case like this need not be such as would ripen into title, but this does not mean that the respondent may defeat complainant's bill to quiet title by a mere showing that he has done isolated acts indicating possession of the property, not in fact amounting to an interference with the peaceable possession of complainant." Patronas v. West Dauphin Corp., supra.

█ It is not sufficient that respondent merely disputes complainants' right to possession, she must show that she has done something to indicate that she herself claims to be in possession of the property. There is little testimony in the record to indicate such possessory acts by respondent and to the extent that there are such indications, they are, for the most part, based on conflicting evidence and at best provide only " * * * a mere showing that he [she] has done isolated acts indicating possession of the property, not in fact amounting to an interference with the peaceable possession of complainant." Patronas v. West Dauphin Corp., supra.

█ This case was tried before the judge, sitting in equity, but the question of peaceable possession was submitted to a jury. In light of our decisions, and after a careful review of the record, we do not find any reversible error in the decision of the trial court denying respondent's motion to dismiss, and submitting to the jury the question of peaceable possession. The usual presumptions attend the jury's finding and the judge's decree.

█ In assignment of error No. 3, it is argued that the trial judge committed reversible error by stating in his decree, "The complainants' factual claims and the respondent's factual claims to the said property were submitted to a jury." As a matter of fact, the only question submitted to the jury was: "Were the complainants in actual or constructive peaceable possession of the one acre of land described in the complaint at the time of the filing of the bill of complaint in this case * * * ?"

There is no authority cited in support of this assignment of error, and we are apprised of no basis for concluding that, if indeed this is a misstatement, it has probably injuriously affected substantial rights of the respondent. It has been the rule of this court that a judgment will not be reversed unless " * * * it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Rule 45, Revised Rules of the Supreme Court, 279 Ala. XXII, XLI. State v. Mobile & O. R. Co., 228 Ala. 533, 154 So. 91 (1934).

█ In assignment of error No. 4, the statement in the trial court's decree that, "The Court has jurisdiction of this cause and the parties pursuant to Title 7, Section 1109 et seq., Code of Alabama 1940" is charged as error. This assignment is

based on the argument that the jurisdiction of the court was destroyed by failure of complainants to prove peaceable possession. As we concluded in our discussion of assignment of error No. 2, we think there was sufficient evidence to support the jury's finding that complainants were in peaceable possession. Moreover, this would not destroy the jurisdiction of the court. Chestang v. Tensaw Land & Timber Company, supra.

■ Assignments of error Nos. 5, 6, 7, 13 and 14 are sufficiently similar to be discussed together. They assign as error the findings of the trial court that complainants are the owners of the land in fee simple, and that respondent has no right, title, or interest in, or encumbrance upon, the property in dispute. Respondent argues that, even if complainants were in peaceable possession at the filing of the suit, they have failed to prove that they are the owners of the land. These contentions are based primarily on alleged deficiencies in complainants' deed, the better record title which respondent claims to have, and the fact that respondent has paid taxes on the land since 1945.

Even if we assume that complainants' deed is deficient in some respects, it was clearly sufficient to furnish color of title, and by the undisputed evidence the complainants had possessed the land under color of title long enough to establish ownership by adverse possession before respondent acquired her title to the property. Title 7, § 828, Code of Alabama 1940.

The question remains whether, after acquiring title to the property, the respondent can be said to have acquired title by adverse possession from the complainants. As we concluded in our discussion of assignment of error No. 2, there is little testimony in the record to evidence possessory acts by respondent, and to the extent that there are, the evidence is conflicting. Payment of taxes will not, by itself, establish title by adverse possession. Eggart v. Tennant, 260 Ala. 9, 68 So.2d 714 (1953); 2 Ala.Dig., Adverse Possession, ⊸88.

Again, we refer to the presumption indulged in favor of the conclusions reached by the trial court. We cannot say the decree of the trial court was plainly erroneous or manifestly unjust in finding complainants to be owners in fee simple of the disputed acre, and that respondent has no right, title, or interest in, or encumbrance upon, the property in dispute.

■ Assignments of error Nos. 11 and 12 complain that the " * * * decree is contrary to the laws governing such proceedings," and that the " * * * decree is contrary to the evidence adduced at the trial of this cause * * *." Assignments similar to these have long been held to be without merit because they are too general and present nothing for our review. National Life and Accident Insurance Co. v. Allen, 285 Ala. 551, 234 So.2d 567 (1970); Smith v. McCain Boiler and Engineering Co., 284 Ala. 618, 227 So.2d 131 (1969).

■ In assignment of error No. 8, it is contended that the trial judge erred in holding that all doubts and disputes concerning the land were resolved since a one-half undivided interest belonging to the heirs of Jerry Ford, respondent Ford's deceased husband, is still outstanding. We find no merit in this assignment.

"When proceedings are brought to quiet title under the above mentioned code sections [Sections 1109–1115, Title 7, Code of Alabama 1940], its purposes are as stated in Dake v. Inglis, 239 Ala. 241, 194 So. 673:

"'The purpose of the proceeding is *not* to invest the court with jurisdiction to sell or dispose of the title to the land, *but merely to determine and settle the same as between the complainant and the defendants.* Code 1923, § 9908 [Code 1940, Tit. 7, § 1112], Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Venable v. Turner, 236 Ala. 483, 183 So. 644.

"'Therefore, the fact that there are others who might assert claims to the

property, who are not made parties, is not an obstacle to proceeding to a final decree settling the title *as between the parties to the bill.* The decree is only .conclusive against such as are made parties and their privies. Grayson v. Muckleroy, supra.' (Emphasis ours.)" State ex rel. Attorney General v. Tarleton, 279 Ala. 555, 188 So.2d 516 (1966).

Assignments of error Nos. 9, 10 and 15 are not argued in brief. Consequently, they are deemed to be waived. Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI; 2A Ala.Dig., Appeal and Error, ⊜1078(1).

Having carefully considered all the assignments of error, we conclude that the final decree of the trial court should be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN and McCALL, JJ., concur.