This is the second appeal from a judgment quieting title in Bethany Church to certain real property located in Coffee County. We affirm.
Bethany Church, a Primitive Baptist church, initially filed suit against Roy Adams and Rufus Adams pursuant to Tit. 7, § 1109, Code of Ala. 1940 (§ 6-6-540, Code 1975) to quiet title to four acres of real property in Coffee County, described as follows:
 ". . . to commence at the land line dividing E 1/2 and W 1/2 of NE 1/4, Section 9, Township 5, Range 19 and to commence at the Northeast corner of the 74 acres of land at the Elba and Andalusia road running South 93 1/3 yards, thence West 210 yards, thence North 93 1/3 yards to said Elba and Andalusia road, thence East 210 yards along said road to place of beginning." *Page 790 
The Adamses filed a motion to strike the Church's complaint, treated by the trial court as a motion to dismiss and denied. A default judgment was taken against the Adamses, and then set aside on the trial court's determination that a guardian ad litem should be appointed for Rufus Adams, asserted to be non compos mentis. After a pre-trial hearing, the case was tried to a judge, who having heard the testimony ore tenus, determined that title should be quieted in the Church. He found that the Church had been in possession of the property in question for more than 100 years and was in peaceful possession of the property at the time the complaint was filed. The trial court further ordered that a survey be made of the property, and enjoined the Adamses from any interference with the Church's possession. After the Adamses' motion for new trial was denied, they appealed.
This Court in the first appeal, Adams v. Bethany Church,361 So.2d 510 (Ala. 1978), reversed and remanded, holding that the Church itself, an unincorporated religious association, could not hold title, and thus could not bring suit to establish title to the property in question.
The Church was subsequently incorporated as Bethany Primitive Baptist Church on July 18, 1978, and it amended its 1975 complaint to reflect that. The Adamses' motion to strike and dismiss the complaint was denied. The Adamses then answered and a counterclaim for damages for harassment and malicious prosecution was filed on behalf of Rufus Adams against the Church and its trustees. After a motion to strike the counterclaim was granted, and the counterclaim was refiled, the trial judge again conducted an ore tenus hearing. A judgment similar to the initial one was entered determining that the Church was the owner of the property in question.
Three issues are presented for decision on this appeal: (1) Whether the unincorporated religious association, Bethany Church, had any sort of title to the property in question that it could pass to the incorporated Church, Bethany Primitive Baptist Church, thus allowing the incorporated Church to bring this action; (2) whether the Church established peaceable possession of the property; and (3) whether Rufus Adams had the right to maintain the counterclaim.
An unincorporated religious association is capable of suing and being sued. Code 1975, § 6-7-80. However, it does not have the capacity to acquire or hold legal title to real property in its association name. Enterprise Lodge No. 352 of Knights ofPythias, Inc. v. First Baptist Church (Colored) of Evergreen,288 Ala. 592, 264 So.2d 153 (1972), and cases cited therein. Title may be held by and through the Church's trustees, who would then be the proper parties to bring the suit to quiet title. Hamner v. Carroll's Creek Baptist Church, 255 Ala. 277,51 So.2d 164 (1951).
Although attempts by an unincorporated religious association to hold title to property in its association name will be unsuccessful, when that association is incorporated the legal title will pass to the incorporated religious association. This is so regardless of whether the legal title is considered to have remained in the grantor or next of kin of the testator as trustee for the unincorporated church, in the individual members of the unincorporated church, or in the trustees of the church and passed to the church on incorporation. Murphy v.Traylor, 292 Ala. 78, 289 So.2d 584 (1974) (property obtained by devise); Johnson v. Sweeney's Lane Church of God, 270 Ala. 260, 116 So.2d 899 (1959) (property obtained by deed).
Thus, while Bethany Church obtained no legal title in 1912 when John Lindsey and his wife S.L. Lindsey executed a conveyance to the Church involving some of the disputed property, in 1978 when the Bethany Primitive Baptist Church was incorporated, legal title to that property was vested in the Church allowing it to maintain the proceedings to quiet title.
The Adamses further assert that the Church was not in "peaceable possession" as required by the statute at the time the suit *Page 791 
was filed. At best the Church had only "scrambling possession" which was insufficient to maintain the proceeding.
In an in personam proceeding to quiet title the plaintiff must have been in peaceable possession, either actual or constructive, of the property in question, as distinguished from scrambling possession. E.g. Cooper v. Adams, 295 Ala. 58,322 So.2d 706 (1975); Hinds v. Slack, 293 Ala. 25,299 So.2d 717 (1974); Ford v. Washington, 288 Ala. 194, 259 So.2d 226
(1972). It is also established that the plaintiff must have been in peaceable possession at the time of the filing of the suit. City of Montgomery v. Brown, 285 Ala. 64, 228 So.2d 820
(1969); Davidson v. Blackwood, 250 Ala. 263, 34 So.2d 205
(1948). This Court in Hinds set out the distinction between peaceable possession and a hostile or scrambling possession: "In the former, an adverse party may be denying the complainant's right to possession, but in the latter there is a denial of the fact of his actual possession. Both parties are claiming actual possession or are `scrambling' for it." (Citations omitted.) Merely going on the property which is at the time in the actual possession of someone else, and claiming title to it and warning others off it, does not constitute possession such as would defeat an action to quiet title.Family Land Investment Co. v. Williams, 273 Ala. 273,138 So.2d 696 (1962); Myers v. Moorer, 273 Ala. 18, 134 So.2d 168
(1961). Isolated acts by the defendant in a quiet title action indicating possession, but not in fact amounting to interference with plaintiff's peaceable possession will not bar a determination of title in the plaintiff. Ford; Patronis v.West Dauphin Corporation, 280 Ala. 442, 194 So.2d 845 (1967). What constitutes peaceable possession will vary as it is a determination based on the facts in each case. Williams v.Romano, 289 Ala. 190, 266 So.2d 750 (1972); Ford.
In the present case the trial court heard testimony from several witnesses for the Church, who had lived in the Danley's Crossroads area for a number of years and who stated that for as long as they could remember, in some instances 60 or more years, the Bethany Church had been located at its present site and was and had been in peaceable possession of the property it claimed. Two of John Lindsey's granddaughters testified that their grandfather deeded the four acres that are claimed by the Church to it, that none of their relatives have ever claimed any part of the Church property, and that other property originally owned by John Lindsey had passed through a chain of conveyances, finally reaching the hands of Roy Adams. The Church established its chain of title to all property it claimed. A witness for the Church stated that on one occasion about two years prior to this suit, while he was mowing the grass on the Church property, Roy Adams ordered him to stop because the property was his. There was also testimony concerning two notes which were placed on the Church doors about five years earlier which indicated that Adams objected to the use of part of the property as a cemetery, and a no trespassing sign was posted on the property.
Witnesses for the Adamses testified that Rufus Adams, prior to his conveyance to Roy Adams, had mortgaged property, including the property in question, on several occasions to the Federal Land Bank and to a local production credit association, both of which would have required evidence of good title before making the loans. An attorney who had done some title work for Roy Adams testified that he did not check title further back than Rufus Adams' acquisition of the property from G.L. Wise in 1945, that he never visually inspected the property, that he did not make a certified abstract, and that he did not check for mortgages or encroachments. Roy Adams testified concerning his actions regarding the Church and asserted that he owned the property in question.
The trial judge, presented with this factual picture, determined that the Church's possession of the four acres was peaceable. Roy Adams' isolated actions did not defeat the Church's possession. Under our established standard for the review of ore tenus *Page 792 
cases — Williams v. Romano — we cannot say that the trial judge's decision was plainly erroneous. The decision that the Church was the proper owner of the four acres was supported by creditable evidence.
Finally, the Adamses assert that the trial court should not have denied the motion to refile Rufus Adams' further answer and counterclaim for malicious prosecution and harassment presented by his guardian ad litem. They contend that since he had not been in possession of the property for seven years prior to the commencement of this action in 1975 and had not interfered with the Church's possession of the property, that he was being harassed by being included in the suit. This differs from his previous answers where he asserted through his guardian ad litem that he and his predecessors in title had been in possession of the property since 1887 and denied the Church was in peaceable possession of the property. We have reviewed the record in this case and cannot say that the trial court erred in granting the Church's motion to strike this pleading which was inconsistent with the case as presented to that court.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur.