PER CURIAM.
This appeal from a judgment fixing the boundary line between coterminous landowners presents two issues: 1) Whether the trial court erred in fixing the line in accordance with the advisory verdict of the jury; and 2) whether the trial court erred in admitting into evidence tax assessment records and an oil lease executed by Defendant/Appellee.
The first issue, in effect, challenges the sufficiency of the evidence to support the judgment. Although we are impressed with Appellant’s argument as to the relative strength of proof of possession of the disputed property, because Appellant had the burden of proof of her claim of adverse possession, we cannot say that the judgment is devoid of evidentiary support. See Scarborough v. Smith, 445 So.2d 553, 556 (Ala.1984).
Appellant argues that the trial court committed reversible error in admitting, over her objection, copies of ad valorem tax records and an executed oil lease as proof of Appellee’s possession. If the boundary line dispute had involved only the issue of possession, we would agree that Appellant’s argument would invoke other “admissibility” considerations. Under the posture of the case, however, where, at the time of the adverse ruling invoked by Appellant, Appellee’s counterclaim in ejectment was still in issue, we must affirm the holding of the trial court.
It is true that ad valorem tax records and oil and gas leases are admissible only for limited and qualified purposes when offered as proof of possession. Calhoun v. Smith, 387 So.2d 821 (Ala.1980), Ford v. Washington, 288 Ala. 194, 259 So.2d 226 (1972). Indeed, both Calhoun and Ford deal only with payment of taxes; but, as Appellant points out, the introduction of records regarding any attempted conveyance of the disputed property, including a lease, would necessarily be governed by the same rules of evidence as those applied in Calhoun and Ford.
It is also true that, in responding to Appellant’s objections to the proffered evidence, Appellee stated that he made the offer to prove possession. Appellee, however, also said in the same breath that the documents were being introduced to prove ownership. An action in ejectment, by its very nature, would confirm that the individual bringing the action (here, Appellee) is not in possession and that the person sued (here, Appellant) is. Thus, Appellee’s claim is not based on possession but on his claim of title in support of ownership. In view of the nature of Appellee’s claim and the testimony in support thereof, admission of the tax records and the oil lease into evidence was proper.
Our holding does not overlook the fact that, at the close of all the evidence, the trial court (for reasons not shown in the record) granted Appellant’s motion for directed verdict on Appellee’s counterclaim for ejectment. Whether this change in the posture of the case renders the challenged evidence inadmissible, we need not decide. As we have stated, the evidence was admis *479 sible when offered; thus, the trial court’s judgment will not be reversed for admission of this evidence absent the invocation of an adverse ruling subsequent to the court’s earlier correct ruling on admissibility. In other words, assuming, without deciding, that once the counterclaim for ejectment was charged out of the case the tax assessment records and the oil and gas lease were inadmissible, it was incumbent upon the Appellant to invoke a ruling with respect to their admissibility at that time. Otherwise, no adverse ruling is presented for appellate review.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., not sitting.